**STATE of Alaska, Petitioner,**

v.

**Charles COVINGTON, Respondent.**

**No. A–203.**

Court of Appeals of Alaska.

Dec. 27, 1985.

John A. Scukanec, Asst. Atty. Gen., Anchorage and Harold M. Brown, Atty. Gen., Juneau, for petitioner.

Lawrence Z. Ostrovsky, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION ON REHEARING

SINGLETON, Judge.

In its petition for rehearing, the state takes exception to this court's holding in *Covington v. State*, 703 P.2d 436 (Alaska App.1985), that Covington was denied his constitutional right to a unanimous verdict. In our first consideration of this case, we found error because the state did not elect a specific incident within each count relied upon for conviction, and because no clarifying instruction was given requiring jury unanimity as to the incident or incidents of sexual abuse of which Covington was found guilty. 703 P.2d at 441. The state argues that Covington did not raise this issue in the court below, did not object to the jury instructions which were given, and did not indicate at any stage of the proceedings that he was concerned about a unanimous verdict. Covington responds that his arguments regarding deficiencies in the indictment and his contention that the trial court erred in denying him a bill of particulars, sufficiently directed the trial court's attention to the issue, so that this court could properly review it on appeal without regard to the plain error doctrine. Alternatively, Covington argues, the issue affected his constitutional right to an unanimous jury verdict, and would, therefore, qualify as a plain error if the court determines that plain error is the appropriate standard of review.

On reflection, and after reviewing the parties' arguments, we are convinced that the issue was not squarely raised in the trial court, and must therefore be reconsidered by this court under the plain error doctrine. Alaska Rule of Criminal Procedure 47(b) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This rule has been interpreted as follows:

Under the doctrine "plain error" embodied in Alaska Rule of Criminal Procedure 47(b), [the supreme court] will not take notice of an error not brought to the attention of the trial court unless it affects a substantive right and is obviously prejudicial. Not all errors of constitutional dimension must be examined in depth under this standard. [Footnotes omitted.]

*Dorman v. State*, 622 P.2d 448, 457 (Alaska 1981), citing *Gilbert v. State*, 598 P.2d 87, 92 (Alaska 1979); *see Van Hatten v. State*, 666 P.2d 1047, 1055–57 (Alaska App. 1983).

We are satisfied that the issue of jury unanimity is the kind of substantial right properly reviewed under the plain error doctrine. We are also satisfied that, under the circumstances outlined in our earlier opinion, the error in this case was sufficiently obvious to satisfy the plain error test. We are, therefore, left with the requirement that the error substantially prejudice a defendant before he can rely upon it for reversal. We considered this aspect of the plain error test in *Van Hatten*, where we said:

[T]he plain error rule has been held to embody the requirement that the error complained of is obviously prejudicial. [Citation omitted.] There has been little effort to define the obvious prejudice requirement of the plain error rule. We think it clear, however, that the term obvious prejudice demands the application of a standard more stringent than the harmless beyond a reasonable doubt test applied to determine harmless error in cases where errors of constitutional

dimension are preserved for appeal by timely objection. [Citation omitted.] *Van Hatten v. State,* 666 P.2d at 1056. We concluded, therefore, that the *Love* standard should apply to constitutional errors considered under a plain error analysis, citing *Love v. State,* 457 P.2d 622, 630–32 (Alaska 1969), *i.e.* an error is harmless where it can be fairly said that the alleged error did not appreciably affect the jury's verdict.

■ As in *Van Hatten,* we believe the obviousness of the error committed in the instant case, the ease with which it could have been avoided, and the fundamental nature of the rights affected, are all factors that weigh heavily in favor of a finding of plain error. *Van Hatten,* 666 P.2d at 1057. Nevertheless, after reviewing the record, we are satisfied that the error did not appreciably affect the jury's verdict. In reaching this conclusion, we continue to find guidance in decisions of the Washington appellate courts applying a similar unanimous verdict rule. *See State v. Petrich,* 101 Wash.2d 566, 683 P.2d 173 (1984); *State v. Fitzgerald,* 39 Wash.App. 652, 694 P.2d 1117 (1985). In *Fitzgerald,* the court found that an error in permitting a jury to consider multiple incidents of sexual assault against the same victim charged in a single count, in the absence of an election by the state or a clarifying instruction, was not harmless, in light of conflicting testimony of the victims as to various incidents of sexual abuse. 694 P.2d at 1121. In a case where discrete incidents of sexual abuse are charged together in a single count, and impeaching and contrary evidence of differing weight is offered to rebut the several incidents, a real possibility exists that individual jurors will reject some incidents, based upon an evaluation of the impeaching and contrary evidence, but accept other incidents as proven. In such a case, the twelve jurors may agree that the defendant committed at least one of the incidents, but be in general disagreement as to which incident that was.

In contrast, in Covington's case, the complaining witness was not able to differentiate between various incidents. She testified that she shared a bed with her father during the totality of the time in question, and that they engaged in sexual intercourse almost every night. Covington conceded sharing the bed, but denied that he ever had intercourse with the victim. Under the circumstances, no impeaching or contrary evidence was more applicable to one incident than another. Thus, each juror was faced with a straight question of credibility. Did he or she believe the victim, in total, or, based on Covington's testimony and the impeachment and contradiction of the victim, did he or she have a reasonable doubt as to the accuracy of the victim's testimony? The jury's verdict of guilty on all counts established that it accepted the victim's testimony and concluded that Covington was guilty, beyond reasonable doubt, of the offenses in question. Necessarily, the jury rejected Covington's testimony and the impeaching and contradictory evidence upon which he relied. Under the circumstances, the record unequivocally establishes that the trial court's error in not requiring the state to elect among incidents, or alternatively, in failing to provide a curative instruction, did not appreciably affect any verdict against Covington. Consequently, we reconsider our decision to reverse on this ground and conclude that the trial court's error was not plain error under Alaska Rule of Criminal Procedure 47(b).

Our conclusion on rehearing makes it necessary for us to address three issues which we found to be moot in light of our original disposition: (1) Covington's contention that the trial court abused its discretion in denying him the opportunity to depose witnesses prior to trial; (2) that the trial court abused its discretion in denying him a new trial; and, (3) that the court imposed an excessive sentence.

### The Trial Court's Order Denying Covington's Motion to Interview or Depose Witnesses Prior to Trial

■ A month prior to trial, on July 13, 1983, Covington moved for an order allow-

ing him to interview, or, in the alternative, to despose two witnesses, Jeffery and Chris Covington. This motion was based on Alaska Rule of Criminal Procedure 15(a) which provides in part:

Upon order of the court for good cause shown, the testimony of a prospective witness may be taken by either party for discovery upon notice and after the deposing party has disclosed all statements, exhibits, and witness lists required by Rule 16.... In considering a request for the taking of depositions, the court shall grant such motion only if the taking of such deposition will not cause unreasonable delay in the trial of the action.

The individuals sought to be interviewed or deposed are sons of the defendant and were members of the family household at about the time of the alleged incidents of sexual abuse. Chris Covington had given a statement to the police and Jeff Covington testified before the grand jury. Both boys were in the protective custody of the state, and their guardian *ad litem* had refused interviews because the children did not wish to be interviewed. We are satisfied that no abuse of discretion took place. The court made the finding that Chris and Jeffery Covington were not to be compelled to make statements beyond their respective statements to the police or the grand jury. The children had told their guardian *ad litem* they did not desire to speak with their father's attorney. Jeffery Covington apparently changed his mind, since he was subsequently interviewed by Covington and testified as a defense witness. On appeal, the defense does not argue surprise about the content of Chris Covington's testimony, or that his testimony differed in any way from his statements to the police. The defense only argues, without further amplification, that the denial of discovery impaired its ability to adequately prepare for trial. We are not satisfied that the trial court abused its discretion in that regard. See *Dana v. State*, 623 P.2d 348, 352–53 (Alaska App.1981).

Thereafter, Covington unsuccessfully sought discovery of the current whereabouts of D.C.O. and S.O. D.C.O. was the alleged victim and S.O. is her husband. In the absence of a more particularized showing of prejudice, we are also satisfied that Covington had sufficient exposure to the anticipated testimony of D.C.O. and S.O. to prepare for their cross-examination. We find no error in the court's denial of Covington's motion for further discovery regarding D.C.O. and S.O.

### Motion for New Trial

After the trial, the court received three affidavits in support of Covington's motion for a new trial based on new evidence from:

(1) *Jeffery Covington,* who testified for the defense at trial, and when told about his brother Chris' testimony that he [Chris] had served his father breakfast in bed on Mother's Day in 1982, had a conflicting recollection that Jeffery, Chris and D.C.O. had served their father breakfast on that date and that D.C.O. was not in bed with their father.

(2) *Barbara Moore,* a babysitter for the Covington family, who talked with Sally Peede [a state rebuttal witness] in 1979. Peede allegedly told Moore that Covington could not perform sexually, a contradiction of her trial testimony.

(3) *Becky Pickett,* the defendant's mother, in an affidavit said that she had a conversation with D.C.O. on September 20, 1983, in which D.C.O. said that her testimony was not true and that she testified as she did because she thought her father had killed her mother and she wanted him to pay for his acts. Further, D.C.O. allegedly stated she did not want Covington to take her younger sister to Texas.

In a counter-affidavit, an investigator for the Alaska State Troopers stated that he had interviewed D.C.O., who denied her grandmother's accusation. The trial court has broad discretion in reviewing a motion for new trial based on newly discovered evidence. We find no abuse of discretion

here. We find no error in denying the motion for a new trial. *See Dunbar v. State,* 522 P.2d 158, 158–59 (Alaska 1974), *aff'd after remand,* 555 P.2d 548 (Alaska 1976); *Johnson v. State,* 501 P.2d 762, 765–66 (Alaska 1972).

### *Sentence Appeal*

Finally, Covington argues that his sentence of forty years with ten years suspended is excessive. Covington's total sentence consists of consecutive increments. Recently, in *State v. Andrews,* 707 P.2d 900, (Alaska App., 1985), *petition for hearing granted,* (Alaska, December 6, 1985), we held that the sentencing court is not compelled to impose consecutive sentences for multiple offenses. While it does not appear that Judge Hodges felt compelled to impose consecutive sentences, we nevertheless feel that remand is in order to enable Judge Hodges to reconsider his sentence in this case, in light of *Andrews* and *Hancock v. State,* 706 P.2d 1164 (Alaska App.1985). In *Andrews* and *Hancock,* we recognized the seriousness of conduct similar to Covington's, but concluded that only in the most unusual of sexual abuse cases would a sentence in excess of twenty years with five years suspended be sustainable. Naturally, Judge Hodges did not have the benefit of those decisions at the time he sentenced Covington. Consequently, in the interest of justice, we remand the case to Judge Hodges for resentencing. We express no opinion as to an appropriate sentence in this case.

The judgment of the superior court is AFFIRMED in part and REMANDED for resentencing.