James BELL, Appellant,

v.

STATE of Alaska, Appellee.

No. A–838.

Court of Appeals of Alaska.

April 11, 1986.

Michael S. Pettit, Pamela Cravez, Asst. Public Advocates, and Brant McGee, Public Advocate, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

James Bell was convicted by a jury of assault in the second degree, in violation of AS 11.41.210(a)(2). He appeals arguing, in part, that the trial court erred in permitting an amendment to the indictment which rendered it duplicitous by, in effect, charging two separate offenses in a single count. That error was compounded, he continues, because the jury was permitted to render a single verdict on the duplicitous indictment

without an instruction requiring that the jury unanimously agree that Bell committed one of the offenses. We agree and reverse.

Karin Grant testified before the grand jury that James Bell, her boyfriend, severely beat her on two occasions. The first beating, she testified, occurred on May 1 or 2, 1984. The second beating took place approximately four days later on May 5, 1984. Grant reported each incident to the police shortly after it occurred and Bell was arrested both times. On each occasion Grant sought medical attention at Humana Hospital. After the second incident, she remained in the hospital for seven days. While both incidents were mentioned to the grand jury, the grand jury was specifically instructed to take evidence of the first incident into account only to the extent that it showed motive and state of mind for the second incident. The grand jury returned an indictment alleging a single assault between May 2, 1984 and May 6, 1984. On the morning of trial, Superior Court Judge J. Justin Ripley, over defense objection, allowed the state to amend the indictment to charge assault in the second degree occurring between May 1, 1984 and May 5, 1984. The state informed Judge Ripley that the grand jury was given confusing testimony about the date of the first assault and that an amendment was necessary to enable the state to argue both assaults as alternate bases for conviction.

Bell testified at trial. He admitted striking Grant in the face on the first occasion and giving her a bloody nose. He contended that she slapped him first and his response was merely a reflex action. Bell also testified that Grant told him that she had fallen down the stairs, causing the other injuries for which she was treated when she went to the hospital on the first occasion. Grant denied falling down the stairs or telling Bell that she had fallen down the stairs. The state introduced medical evidence attributing Grant's injuries to a beating and suggesting that it was very unlikely that she had sustained those injuries in a fall.

Bell denied that the second assault occurred and denied knowing how Grant sustained the injuries that led to her second hospitalization. He explained Bell's testimony by saying that he had threatened to break up with her and she told him that if he did so, she would "get him for it."

The trial jury was not instructed that they must unanimously agree on the incident or incidents of which they found the defendant guilty. In closing argument, the prosecutor told the jury that they could deliver a guilty verdict if they found that Bell had committed either of the two incidents, without explaining that they must unanimously agree he committed the same assault.

## DISCUSSION

Alaska Rule of Criminal Procedure 7(e) permits the amendment of indictments so long as the amendment does not charge an additional or different offense, and the defendant is not prejudiced.

▇▇▇ It is not necessary for us to determine whether the amendment in this case prejudiced the defendant, because it clearly charged an additional offense. Assault is not a continuing offense. The incidents on May 1 and May 5 were separate offenses for which Bell could have been separately charged and, if convicted, separately punished. The trial court erred in granting the amendment. The error was compounded when the prosecutor was permitted to argue that the jury could convict Bell based on either incident. *See State v. James*, 698 P.2d 1161, 1167 (Alaska 1985).

▇▇▇ The state argues that both errors were harmless. Alaska R.Crim.P. 47(a). The state reasons that the jury was faced with a swearing contest. Grant testified that Bell severely beat her on two occasions causing injuries which required medical treatment. Bell testified that he had not injured Grant on either occasion. Thus, the state concludes, either the jury believed Grant or it believed Bell. In the state's view, the guilty verdict establishes that the jury believed Grant, rendering any

error in the indictment, the instructions, and the prosecutor's final argument harmless. The state relies on *Covington v. State*, 703 P.2d 436 (Alaska App.1985), *modified on rehearing*, 711 P.2d 1183 (Alaska App.1985).

We are satisfied that the state's reliance on *Covington* is misplaced. In *Covington*, we were faced with a witness who testified that her father sexually assaulted her almost every night for a substantial period of time. She was unable to distinguish between incidents. The defense was a general denial. Covington did not offer any impeaching or contradictory evidence which undermined one incident as opposed to another. Under those circumstances, we found any error in the charging document and the presentation of the case to the jury harmless. *Covington*, 711 P.2d at 1185. In contrast, Grant was very specific in distinguishing between the two assaults she allegedly suffered. In each case, she immediately sought medical attention and reported the event to the police. In each case, Bell was arrested and made a statement to the police. The jury could clearly differentiate between the two incidents. More importantly, Bell did not have a different defense to the two incidents. He conceded striking Grant on the first occasion, but attributed the bulk of her injuries to a fall she allegedly told him she had sustained. He denied the second incident entirely, attributing Grant's testimony to a desire for revenge because he had ended their relationship. While the state argues that the medical evidence renders Bell's explanations inherently incredible, the credibility of witnesses and the weight to be given their testimony are matters left to the jury.

 Our decision to reverse makes it unnecessary to address Bell's arguments regarding his sentence. We briefly address one evidentiary issue that may come up again in the event of a retrial. Bell argues that the trial court erred in denying a motion for a protective order to prevent medical witnesses from testifying that Grant identified her assailant as Bell. Bell argues that the evidence was hearsay. In *Johnson v. State*, 579 P.2d 20, 22 (Alaska 1978), the Alaska Supreme Court held that the identity of the assailant of an assault victim does not fall within the medical treatment and diagnosis hearsay exception. A.R.E. 803(4). If Grant had not testified, *Johnson* would be dispositive of this issue. Grant did testify, however, and it is possible that the medical evidence disclosing her earlier identifications of Bell as her assailant was not hearsay. A.R.E. 801(d)(1)(C) (a statement is not hearsay if the declarant testified at trial and the statement is one of identification of a person made after perceiving him). On the other hand, the rule may be limited to situations where: (1) the declarant herself or himself testifies to the prior identification, or (2) the witness testifies to observing the declarant perceive the defendant and afterwards identify him or her. Our decision to reverse on other ground makes it unnecessary to resolve this issue. If it should come up on retrial, we assume that the trial court's ruling will be compatible with *Johnson v. State*.

The judgment of the superior court is REVERSED.