15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles R. COVINGTON, Petitioner-Appellant,
v.
Russell MOODY, Superintendent, Wildwood Correctional Center,
State of Alaska, Respondent-Appellee.
 No. 93-35145.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1994.*
Decided Feb. 3, 1994.
 
 Before: WRIGHT, REAVLEY,** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The petitioner, Charles R. Covington, was convicted in the Alaska superior court of sexually abusing D.C.O. He appeals the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 Covington claims he was imprisoned unlawfully because he was deprived of his right to a unanimous jury verdict on the facts alleged in the indictment. He claims the time range set forth in each of the six counts in the indictment made it unlikely that the jury focused on the same incident within each time range when it voted to convict.[1]
 
 
 4
 The attorney general argues that we cannot entertain Covington's petition because Covington failed to exhaust his state court remedies by not seeking the Alaska Supreme Court's review in State v. Covington, 711 P.2d 1183 (Alaska Ct.App.1985) (Covington II ). However, because Covington did not raise the issue of a specific unanimity instruction in state court and he did not object to the instructions as given, the issue in Covington II was whether there was plain error. To decide whether there was plain error, the Alaska Court of Appeals reviewed the merits. We have held that we may "consider a claim on federal habeas that has been reviewed by a state appellate court on the merits for plain error." Walker v. Endell, 850 F.2d 470, 474 (9th Cir.1987), cert. denied, 488 U.S. 926 (1988). Therefore, we may review Covington's petition.
 
 
 5
 We review the decision to deny a petition for a writ of habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 6
 Covington argues that he was entitled to a special unanimity instruction because "[t]he charging document and the instructions did not effectively convey to the jurors the precise event as to which they were to decide guilt or innocence." We have observed that "a specific unanimity instruction is appropriate 'where the complex nature of the evidence, a discrepancy between the evidence and the indictment, or some other particular factor creates a genuine possibility of juror confusion.' " United States v. Payseno, 782 F.2d 832, 836 (9th Cir.1986) (quoting United States v. Franzin & Miller, 780 F.2d 1461, 1468 (9th Cir.1986)).
 
 
 7
 We conclude there is no merit to Covington's claim because there was no possibility of juror confusion. Covington's entire defense was that he had never sexually abused D.C.O.; that those events alleged in the indictment and each incident of sexual abuse testified to never occurred. All the jurors had to decide was whether they believed Covington or whether they believed D.C.O. Thus Covington was not prejudiced by the absence of the special unanimity instruction because his defense was not unique to any one incident. Covington cannot complain now of a due process violation for failure to give an instruction that would have made no difference to the outcome of his trial.
 
 
 8
 We AFFIRM the district court's denial of the writ of habeas corpus.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Alaska Court of Appeals described the problem as follows:
 The state charged Covington with separate counts of lewd and lascivious acts and sexual assault but proceeded at trial to present evidence of numerous separate criminal acts. D.C.O. was unable to recall any specific events or dates which would distinguish the circumstances of one assault from another.... Under these circumstances, there is substantial doubt that the jury convicting Covington of each count had a specific incident in mind.
 Covington v. State, 703 P.2d 436, 440 (Alaska Ct.App.1985) (Covington I ).