BOWEN, Presiding Judge.
Billy Ray Estes, the appellant, was convicted of theft of property in the first degree and was sentenced to eight years’ imprisonment. He was also convicted of engaging in a surface coal mining operation without a valid permit and sentenced to 12 months’ imprisonment. On this direct appeal from those convictions, the appellant contends that the trial court committed reversible error in allowing of the indictment to be amended.
Count I of the indictment charged theft in the first degree. The appellant does not challenge his conviction under that count.
Count II charged the appellant with engaging in surface mining operations without a valid permit. In pertinent part, Count II states that the appellant
“did, being a person engaged in or controlling a surface mining operation, engage in a surface mining operation after October 1, 1970 without a valid permit from the Surface Mining Commission of Alabama, in violation of Section 9-16-4 of the Code of Alabama.” C.R. 3.
Section 9-16-4, Ala.Code 1975, states:
“No operator shall engage in any surface mining, as defined in this article, after October 1, 1970, without a valid permit from the department to engage in such surface mining. A separate permit shall be required for each such surface mining operation that is not contiguous to a surface mining operation for which the operator has a valid permit.”
The term “operator” is defined in § 9-16-2(7) as “[a]ny person, firm, partnership, association or corporation engaged in or controlling one or more surface mining operations.” Section 9-16-4 is part of the Alabama Surface Mining Act of 1969. See §§ 9-16-1 through -15. The penalty for a violation of § 9-16-4 is a fine of not less than $500 nor more than $5,000. Additionally, a violator is required to post a bond or surety, and to reclaim the affected land. § 9-16-ll(b).
After the State had rested its case-in-chief, the prosecutor filed a motion to amend the indictment. R. 230; C.R. 30. The trial court granted the motion over the objection of the appellant.
*617 Count II, as amended, charged that the appellant
“did, being a person engaged in or controlling a surface coal mining operation, engage in a surface coal mining operation after May 6, 1981, without a valid permit from the Alabama Surface Mining Reclctr motion Commission, in violation of Section 9-16-82, of the Code of Alabama.” C.R. 30 (emphasis added).
The emphasized portions of the amended indictment show the only alterations from Count II as it appeared in the original indictment. It is undisputed that the conduct giving rise to Count II of the indictment occurred in 1991.
Section 9-16-82(a), Ala.Code 1975, upon which the amended count was based, states, in pertinent part:
“No person shall engage in surface coal mining operations at a particular location except as a subcontractor of the permittee of that location until such person has been issued a permit by the regulatory authority for that location in accordance with the provisions of this section.”
That section is part of the Alabama Surface Mining Control and Reclamation Act of 1981. See §§ 9-16-70 through -107. The penalty for a violation of § 9-16-82(a) is a “fine of not more than $10,000, or by imprisonment for not more than one year or both.” § 9-16-94(e).
The Alabama Surface Mining Reclamation Act of 1975 (Act No. 551, 1975 Ala. Acts 1226) “repeal[ed] the Surface Mining Act of 1969 (Act 399 Regular Session), [under which the appellant was originally charged,] as to regulation of coal surface mining only.” The Alabama Surface Mining Reclamation Act of 1975 was subsequently repealed by the Alabama Surface Mining Control and Reclamation Act of 1981. Act No. 81 — 435, 1981 Ala. Acts 682. See also § 9-16-106 (“[t]he Alabama Surface Mining Act of 1969 (Act 399, Regular Session 1969) now appearing as sections 9-16-1 through 9-16-15, is not repealed as to the regulation of the surface mining of clay, sand, gravel, ores, limestone, marble, dolomite, and other minerals”).
The amendment of indictments is governed by Rule 13.5(a), A.R.Crim.P., which provides:
“A charge[1] may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant’s consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.” (Footnote added.)
In Ex parte City of Dothan, 603 So.2d 1121 (Ala.1992), the Alabama Supreme Court held that there was a fatal variance between an information charging driving a motor vehicle after a license has been revoked and proof at trial that the defendant’s license had been cancelled. The Alabama Supreme Court noted that the information charging that the defendant had been driving a motor vehicle after his license had been revoked could have been amended without the defendant’s consent, pursuant to Rule 13.5, to charge that he had been driving a motor vehicle after his license had been cancelled.
“In future cases where the proof shows that the prosecution has made a prima facie case that the defendant did, in fact, violate the provisions of § 32-6-19, but that there is a variance between the allegations in the charge and the proof, the prosecution could timely move to amend the charge, as provided for in Rule 13.5, A.R.Crim.P.”
Ex parte Dothan, 603 So.2d at 1123. The Court did note that the information in this particular case could not have been amended to charge the proper alternative because the provisions of Rule 15.4, A.R.Crim.P.Temp., which were in effect at the time, required a defendant’s consent to an amendment.
The amendment to the indictment in this ease did not charge an “additional or different offense.” Both counts charged the appellant with engaging in a surface mining operation without a valid permit. Under these circumstances, we find that the substantial *618 rights of the appellant were not prejudiced by the amendment of the indictment.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. Rule 1.4(b), A.R.Crim.P., provides: “ ‘Charge' means a complaint, indictment, or information.”