■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. ROBBINS, Appellant. [645 NYS2d 671] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of second degree burglary and second degree bail jumping. He contends that County Court erred in not dismissing the burglary count because the People failed to make an adequate opening statement; in granting the People's motion to amend the bail jumping counts; in allowing the People to bolster the testimony of a witness; in allowing the People to introduce *Molineux* evidence; and in refusing defendant's request to charge the "moral certainty" test for evaluating circumstantial evidence. Additionally, defendant contends that the evidence is insufficient to establish burglary and bail jumping and that the verdict on the burglary count is against the weight of the evidence.

The People's opening statement was adequate (*see, People v Troy*, 209 AD2d 943, 944, *lv denied* 85 NY2d 944). The prosecutor informed the jury of the crimes in the indictment, the elements that the People had to prove, and what the People expected the evidence to show (*see, People v Kurtz*, 51 NY2d 380, 384, *cert denied* 451 US 911). In any event, summary dismissal is not the remedy for an inadequate opening statement (*see, People v Kurtz, supra*, at 385; *see also, Matter of Timothy L.*, 71 NY2d 835).

The court did not err in allowing the People to amend the bail jumping count of the indictment to correct the date of defendant's release (*see*, CPL 200.70 [1]; *People v Spann*, 56 NY2d 469, 473-474). That date is not an element of bail jumping, but was a superfluous allegation. Thus, the amendment did not change the theory of the prosecution or otherwise prejudice defendant (*see, People v Spann, supra*, at 473-474).

The court did not err in refusing to charge the "moral certainty" test. That charge need be given only where the proof against defendant is entirely circumstantial (*see, People v Roldan*, 88 NY2d 826; *People v Benzinger*, 36 NY2d 29, 32; *People v Cleague*, 22 NY2d 363, 365-366). Here, the accomplice testimony and defendant's unambiguous admissions constitute direct evidence of guilt (*see, People v Guidice*, 83 NY2d 630, 636; *People v Snare*, 216 AD2d 674, 675, *lv denied* 86 NY2d 802; *cf., People v Roldan, supra; People v Douze*, 186 AD2d 753, 754).

The burglary conviction is supported by sufficient evidence, and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Moreover, the evidence is sufficient to establish bail jumping. Contrary to defendant's

contention, a courtroom identification was unnecessary. The material witnesses were all well acquainted with defendant, and it is enough that those witnesses testified that defendant engaged in the criminal activity.

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Genesee County Court, Morton, J.—Bail Jumping, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Balio, JJ.