IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

FILED

June 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9803-CR-00149 |
| | ) | |
| | ) | Wilson County |
| v. | ) | |
| | ) | Honorable J.O. Bond, Judge |
| | ) | |
| WILLIAM KENNEDY | ) | (Interlocutory Appeal) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Frank Lannom
102 East Main Street
Lebanon, TN 37087

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Lisa A. Naylor
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Tom P. Thompson, Jr.
District Attorney General
203 Greentop St., P.O. Box 178
Hartsville, TN 37074-0178
        and
Robert Hibbett
Assistant District Attorney General
119 S. College St.
Lebanon, TN 37087

OPINION FILED:_____

REVERSED AND REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

_____The state brings this interlocutory appeal pursuant to Rule 9, T.R.A.P., from an order of the Wilson County Criminal Court denying its motion to amend the date in an indictment charging William Kennedy with statutory rape. The sole question for our review is whether the trial court erred in denying the motion to amend. We reverse the trial court's denial of the motion.

The defendant, William Kennedy, was indicted on April 4, 1997, by a Wilson County grand jury for one count of statutory rape. The indictment alleges in pertinent part:

> William Kennedy on the ___ day of January, 1996 in Wilson County, Tennessee, and before the finding of this indictment, unlawfully, intentionally, knowingly, or recklessly did engage in sexual penetration of [the victim], a person at least thirteen (13) but less than eighteen (18) years of age, and the defendant is at least four (4) years older than the victim, in violation of T.C.A. 39-13-506.

The victim gave birth to a child before the indictment was returned. On July 29, 1997, the state filed a motion requesting that the trial court order the defendant to submit to a blood test to determine the paternity of the victim's child. In this motion, the state argued that evidence that the defendant was the father of the child would be relevant to the alleged statutory rape which occurred during the same period of time that the victim became pregnant. On September 17, 1997, the state moved to amend the indictment to change "on the ___ day of January, 1996" to "after May 1st, 1995."

The defendant filed a motion for a Bill of Particulars on October 28, 1997, requesting that the state give the exact date, time and location of the offense or if it could not give a specific date, to affirm that the proposed amendment was meant to correspond to the conception of the victim's child. The state responded with a Bill of

Particulars filed on November 7, 1997, which stated, "The crime that is alleged in the indictment correlates to the date of the conception of [the victim's] child . . ."

At the hearing on the state's motion to amend, the defendant introduced the statement of Detective Ricky Knight. In this statement, Detective Knight said that on January 22, 1996, Jenny Warren told Officer Tommy Lamberson that her fourteen-year-old daughter was six months pregnant and that she believed that the defendant was the baby's father. Detective Knight said Mrs. Warren told him that the defendant continued to visit her daughter despite Mrs. Warren telling him to stay away. He stated that Mrs. Warren took a ring of her daughter's to a pawn shop, and an employee told her that the defendant had purchased the ring. Detective Knight said that Mrs. Warren told him that she thought the defendant gave the ring to her daughter. He said that she related that her daughter accused the defendant's fifteen-year-old son of being the baby's father, but she did not believe her.

In his statement, Detective Knight said that Mrs. Warren brought Melinda Hall with her and that Ms. Hall said that the defendant told her that he was better for the victim than anyone and that no one would take the victim away from him. Detective Knight said that Ms. Hall also told him that during the preceding week, her brother saw the defendant and the victim together with a boy who worked for the defendant.

The defendant introduced the statement of Detective Sergeant Jason T. Locke at the hearing. In this statement, Detective Locke said that he interviewed the victim with her mother's consent on February 2, 1996. He stated that the victim said that she first discovered that she was six months pregnant two weeks earlier at her doctor's office. He said that she told him that her mother became suspicious after she gained weight and took her to the doctor but that the victim did not suspect that she was pregnant. He stated that she told him that the defendant's fifteen-year-old son was the father, that she and the defendant's son had dated from the summer of 1995 until

3

Christmas of 1995, and that they had first engaged in intercourse in June of 1995. She also said that aside from the defendant's son, she had once had sex with one other person in January of 1995 and that she and this seventeen-year-old boy used protection.

In his statement, Detective Locke said that the victim told him that her family and the defendant's family were friends and that her mother used to have the defendant drive her to visit her grandmother. She said that she and the defendant's daughter were good friends. She said that the defendant gave her a ring for Christmas in 1994 and that the defendant purchased a ring from Wal-Mart for her thirteenth birthday. Detective Locke said that she told him that her parents were present when the defendant bought this birthday gift and that they helped select it. Detective Locke said that she told him that the defendant's son also gave her a ring but that her mother thought the defendant gave it to her. He said that the victim denied ever having a sexual relationship with the defendant but that she said that her mother thinks that she and the defendant have had sex because the defendant has bought things for her.

The defendant also introduced the juvenile record of the defendant's son as an exhibit at the hearing. This record contains a sworn, September 10, 1996 Petition to Establish Paternity filed by the victim's mother, and it alleges that the defendant's son is the father of the victim's child born May 14, 1996. The juvenile record also contains an April 2, 1997 order dismissing the petition because a blood test excluded the defendant's son as the father.

The trial court found that although the evidence the grand jury had considered before indicting the defendant was unknown, the work sheet that went to the grand jury contained the date of January 1996. The state argued that this date was given by the victim's mother who wrote January 1996 because this was when she learned of the victim's pregnancy. The state maintained that it knew of nothing that

4

would place the defendant and the victim together in 1996 and that the whole case was built around the conception of the victim's child, which the defendant knew from the Bill of Particulars. The defendant argued that if the grand jury had considered the date in the proposed amendment, it might have considered exculpatory evidence contained in the exhibits. The defendant contended that the state's proposed amendment would usurp the grand jury's authority and would charge the defendant with a crime outside of the statute of limitations. The trial court denied the motion to amend, finding that the state could not amend the indictment in order to "piggyback" in a date outside of the statute of limitations and that the proposed amendment would be detrimental to the defendant.

## TENNESSEE RULE OF CRIMINAL PROCEDURE 7(b)

The state contends that the proposed amendment does not charge the defendant with an additional offense because both versions of the indictment charge statutory rape using the same language and because the date of the offense is neither an essential element of statutory rape, see Tenn. Code Ann. § 39-13-506(a),[1] nor a required component of the indictment, see Tenn. Code Ann. § 40-13-207.[2] The state further argues that the proposed amendment does not prejudice the defendant because the defendant was informed of the new date well in advance of trial and because the proposed amendment does not prevent the defendant from presenting a defense. The defendant acknowledges that he is not arguing a lack of notice, and he makes no argument that the amendment would prevent him from preparing a defense for trial.

---

[1] Statutory rape.--(a) Statutory rape is sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim.
Tenn. Code Ann. § 39-13-506.

[2] Time of offense.--The time at which the offense was committed need not be stated in the indictment, but the offense may be alleged to have been committed on any day before the finding thereof, or generally before the finding of the indictment, unless the time is a material ingredient in the offense.
Tenn. Code Ann. § 40-13-207.

5

However, he contends that the date is distinctly material in this case because the proposed amendment would charge him with a different crime, one outside of the statute of limitations. He argues that the date becomes material when the statute of limitations would otherwise bar the indictment and that he would suffer prejudice because the amendment would allow the state to bring him to trial for an offense outside of the limitations period. We hold that the proposed amendment does not charge the defendant with a new or additional crime nor does it cause the defendant to have to defend against a crime outside the statute of limitations.

The denial of a motion to amend an indictment is a matter within the trial court's discretion, and this court will alter the trial court's decision only if that discretion has been abused. State v. Kirkland, 696 S.W.2d 544, 545 (Tenn. Crim. App. 1985). Rule 7(b), Tenn. R. Crim. P., states:

> If no additional offense is thereby charged and no
> substantial rights of the defendant are thereby prejudiced,
> the court may permit an amendment without the defendant's
> consent before jeopardy attaches.

The date in the indictment may be amended pursuant to this rule. See State v. Marlow, 665 S.W.2d 410, 413 (Tenn. Crim. App. 1983) (holding that the defendant was not prejudiced by the state's ability to impeach a witness with her prior inconsistent statement under the amended date); State v. Sexton, 656 S.W.2d 898, 900 (Tenn. Crim. App. 1983) (holding that the charged offense qualified for Class X classification under either the original or the amended date); State v. Harrington, 627 S.W.2d 345, 346 (Tenn. Crim. App. 1981) (holding that an amendment correcting the date on which the witnesses were sworn did not prejudice the defendant). A majority of other jurisdictions permit the date in an indictment to be amended as long as the date is immaterial and the amendment would neither change nor add an offense.[3] See State

---

[3]See, e.g., Estes v. State, 650 So.2d 616, 617-18 (Ala. Crim. App. 1994); Bell v. State, 716 P.2d 1004, 1005 (Alaska Ct. App. 1986); State v. Bruce, 610 P.2d 55, 57 (Ariz. 1980); Lewis v. State, 831 S.W.2d 145, 148 (Ark. 1992); People v. Crosby, 375 P.2d 839, 844 (Cal. 1962) (indicating that the offense is not changed by an amendment adding an omitted substantive element); Akers v. State, 370 So.2d 81, 83 (Fla. Dist. Ct. App. 1979); Melton v. State, 330 S.E.2d 398, 399 (Ga. Ct. App. 1985); People v. Miszkiewicz, 602 N.E.2d 1312, 1322 (Ill. App. Ct. 1992); Buchanan v. State, 332 N.E.2d 213, 219 (Ind. 1975); State v. Brooks, 52 N.W. 240, 241 (Iowa 1892); Stephens v. Commonwealth, 397 S.W.2d 157, 158

6

v. Spade, 385 A.2d 115, 116 (N.H. 1978); 2 Charles E. Torcia, Wharton's Criminal Procedure § 272 (13th ed. 1990); B. H. Glenn & C. C. Marvel, Annotation, Power of Court to Make or Permit Amendment of Indictment with Respect to Allegations as to Time, 14 A.L.R. 3d 1297 (1967 & 1998 Supp.).

This court has held that the amendment of the date in an indictment does not charge the defendant with a new or an additional crime. State v. Badgett, 693 S.W.2d 917, 919 (Tenn. Crim. App. 1985); see State v. John Claude Wells, III, No. 01C01-9505-CR-00146, Davidson County, slip op. at 10 (Tenn. Crim. App. June 6, 1997), app. denied (Tenn. Nov. 23, 1998) (holding that an amendment to charges of unlawful sexual contact which changed "in 1990" and "in 1991" to "on a day before April 22, 1991" did not allege new or different offenses despite the defendant's argument that the increased time frame forced him to defend against charges not in the original indictment). In Badgett, the habitual criminal count of the indictment originally alleged that in August 1985, the defendant was convicted of an offense occurring in March 1975. The state discovered this discrepancy at trial and asked to amend the date referring to it as a typographical error charging an impossible date. The defendant in Badgett argued that the amendment charged him with an additional crime in violation of Rule 7(b) because without the amendment, the habitual criminal count contained too few prior convictions to stand. The defendant contended that because the original indictment failed to charge any offense at all, the corrected indictment constituted an additional offense. This court likened the situation to that of a variance between the indictment and the proof at trial and affirmed the amendment. Badgett, 693 S.W.2d at 919. Thus, a defendant is not charged with a new crime when the date in the

---

(Ky. 1965); State v. Strickland, 398 So.2d 1062, 1064-65 (La. 1981) (affirming the addition of "on or about" to a specific date because it corrected an omission even though the date was essential); State v. Hathorne, 387 A.2d 9, 11-13 (Me. 1978); Manuel v. State, 581 A.2d 1287, 1295 (Md. App. Ct. 1990); Commonwealth v. Dunnington, 457 N.E.2d 1109, 1113 (Mass. 1983); People v. Clum, 182 N.W. 136, 137-38 (Mich. 1921); Baine v. State, 604 So. 2d 258, 260-61 (Miss. 1992); State v. White, 674 S.W.2d 551, 553-54 (Mo. Ct. App. 1984); Brimmage v. State, 567 P.2d 54, 58 (Nev. 1977); State v. Stefanelli, 396 A.2d 1105, 1110 (N.J. 1979); People v. Robbins, 645 N.Y.S.2d 671, 672 (N.Y. App. Div. 1996); State v. Kamtsiklis, 380 S.E.2d 400, 402 (N.C. Ct. App. 1989); State v. Mundy, 650 N.E.2d 502, 526 (Ohio Ct. App. 1994); Ex parte Williams, 106 P.2d 524, 526 (Okla. Crim. App. 1940); State v. Wimber, 843 P.2d 424, 428-31 (Or. 1992); Commonwealth v. Lobel, 440 A.2d 602, 607 (Pa. Super. Ct. 1982); State v. Quarles, 200 S.E.2d 384, 385-86 (S.C. 1973); Robinson v. Commonwealth, 183 S.E. 254, 255-56 (Va. 1935).

indictment is merely corrected in order for the original charge to stand. In the present case, the sole change the state requests is to the date in the indictment and, therefore, the proposed amendment alleges no additional offense.

The defendant contends that the proposed amendment interferes with his right to be indicted by a grand jury under Article I, section 14 of the Tennessee Constitution because no grand jury has ever considered whether enough proof exists to indict him for the conception of the victim's child. However, because an amendment to correct an immaterial date in the indictment does not allege a new crime, Article I, section 14 concerns are not implicated.

The defendant argues that permitting the state to amend the indictment would require him to defend against a crime outside of the statute of limitations. The statute of limitations relates to the time period between the commission of the offense and the beginning of prosecution. State ex. rel Lewis v. State, 1 Tenn. Crim. App. 535, 538, 447 S.W.2d 42, 43 (1969) (citing Smith v. State, 168 Tenn. 265, 267, 77 S.W.2d 450, 450 (1935). In the present case, prosecution began with the return of the indictment. See Tenn. Code Ann. § 40-2-104; Lewis, 1 Tenn. Crim. App. at 538, 447 S.W.2d at 43. "Where there is a statute of limitations that bars prosecution of the offense charged, there should be a sufficiently definite averment of time in the indictment to show that the offense was committed within the statutory limit." State v. Davidson, 816 S.W.2d 316, 318 (Tenn. 1991) (citing State v. Shaw, 113 Tenn. 536, 538, 82 S.W. 480, 480 (1904)).

In the present case, the grand jury returned the indictment on April 4, 1997, and the indictment charged the defendant with statutory rape "on the ___ day of January 1996." The state must bring a charge of statutory rape, a Class E felony, within two years from the day the offense is committed. Tenn. Code Ann. § 40-2-101(b)(4). The defendant contends that the proposed amendment of "after May 1st,

1995" falls outside of the limitations period when viewed from either the date the state filed its motion to amend, September 17, 1997, or the date of the hearing on the motion, November 10, 1997. However, the defendant is relying upon the wrong measure of time. Given our conclusion that the amendment of the date does not charge an additional crime, we look to the date the indictment was returned in order to determine whether the amended date falls within the statute of limitations. The amended date of "on a day after May 1, 1995" is within two years of the return of the indictment on April 4, 1997.

Even when the date is immaterial, the state may not amend the date back in time indefinitely. The state is still bound by the time frame set by the applicable statute of limitations. Our supreme court has recognized two primary purposes served by a statute of limitations: "to avoid the use of stale evidence and to provide an incentive for swift governmental action in criminal cases." State v. Pearson, 858 S.W.2d 879, 886 (Tenn. 1993) (citing United States v. Ewell, 383 U.S. 116, 122, 86 S. Ct. 773, 777 (1966)). Allowing the state to amend the indictment to reflect an earlier date for the commission of the offense does not interfere with either of these purposes because the date must still fall within the applicable statute of limitations.

The defendant further argues that an amendment to the date would prejudice him because the date in the indictment becomes material for the purpose of determining whether the limitations period has expired. Several jurisdictions have permitted the state to amend an indictment alleging a date outside of the statute of limitations to bring the offense within the limitations period. Akers v. State, 370 So.2d 81, 83 (Fla. Dist. Ct. App. 1979) (holding that an amendment showing that an arrest warrant tolled the statute before the limitations period expired was permissible but reversing the conviction because the state failed to seek pretrial amendment or to produce proof of this jurisdictional fact at trial); State v. Unsworth, 88 A. 1097, 1099-1100 (N.J. 1913); Commonwealth v. Streets, 172 A. 31, 32 (Pa. Super. Ct. 1934)

9

(holding that the defendant, who made no pretrial challenge to the amendment bringing the offenses within the statute of limitations, had no grounds to appeal the conviction when the proof at trial supported the date as amended). In Unsworth, the court affirmed the amendment of an indictment returned on October 9, 1911, which originally alleged that a conspiracy was formed and overt acts were committed on October 6, 1909, but was amended to November 10, 1909. The court held that the amendment conformed to the following standard:

> Whether [the amendment] was legally permissible depends on whether the date is material, for the court cannot by amendment make the indictment charge a crime when none is presented, or a crime different than that presented, by the grand jury.

Id. at 1099. The court stated that time is material when "an act may be innocent at one time and criminal at another," but not in instances when the date is merely imperfectly stated. Id.

Tennessee courts have permitted the state to amend the indictment to allege facts which would toll the statute of limitations in cases in which the prosecution began after the limitations period had expired. Morgan v. State, 847 S.W.2d 538, 542 (Tenn. Crim. App. 1992); see e.g., Davidson, 816 S.W.2d at 319, 321 (holding that the amendments failed to allege the specific time period during which the offenses were concealed); State v. Tidwell, 775 S.W.2d 379, 389 (Tenn. Crim. App. 1989) (holding that the concealment alleged in the amended indictment was not proven at trial). Notably, these cases, as well as the cases from other jurisdictions permitting the indictment to be amended to bring the offense within the statute of limitations, do not deem the defendant to be prejudiced simply because the amendment affects the calculation of the limitations period, nor do they view the amendment as charging a new offense, i.e., one that is not time-barred. Because the running of the limitations period is measured from the amended date of the offense to the date the state began prosecution, the limitations period was tolled before it expired, and the amendment does not prejudice the defendant.

10

In light of the foregoing, we reverse the trial court's denial of the motion to amend the indictment and remand this case to the trial court for further proceedings consistent with this decision.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
Norma McGee Ogle, Judge