**STATE of Tennessee, Appellee,**

v.

**James BURTIS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 29, 1983.

Permission to Appeal Denied by Supreme Court Dec. 27, 1983.

Joseph B. Brown, Jr., Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, Michael W. Whitaker, Dist. Atty. Gen., Somerville, Clayburn Peoples, Albert Harwell Schoonover, Asst. Dist. Attys. Gen. Pro Tem., Trenton, for appellee.

## OPINION

SCOTT, Judge.

The appellant and Leo Drew, whose case is not before this Court, were convicted of armed robbery. Each received a sentence of twenty years in the state penitentiary. On appeal the appellant has presented eight issues for our consideration. In the first three he challenges the trial judge's refusal to suppress the appellant's statement. He contends that the confession was the fruit of an illegal arrest, that it was involuntary and that it was given after he invoked his *Miranda* rights.

Since the sufficiency of the convicting evidence is not challenged, no detailed factual recitation is necessary. The proof revealed that on June 4, 1981, Phillip Belew d/b/a Phil's Grocery, located on Vildo Road in Bolivar, was robbed by three men. Two stood in front of the cash register as the third came in with a sawed-off shotgun. After the third man entered, the two near the cash register jumped over the counter and attacked Mr. Belew, taking his money from his wallet and pockets. They forced him to open the cash register and took its contents. They also took Mr. Belew's rifle and fled.

On July 14, 1981, Sheriff Bill Kelley of adjoining Fayette County was investigating a robbery and a murder which took place in that county. From an informant Sheriff Kelley developed information that John Lee Jones and Leo Drew were involved in these crimes. The Sheriff also had a capias for Mr. Jones for failure to appear in court to answer charges of receiving and concealing stolen property. The sheriff obtained Mr. Jones' address in Shelby County on July 15, and with the assistance of the Shelby County Sheriff's Department Cobra Unit arrested Mr. Jones at his residence. Shortly after his arrest Mr. Jones confessed, also implicating Mr. Drew and the appellant in the robbery of Mrs. Irene Johnson in Fayette County and other defendants in other crimes.

Upon learning this information Sheriff Kelley called the Circuit Court Clerk of Fayette County from Memphis and dictated an affidavit of complaint on the telephone. No oath was administered to the sheriff. The clerk signed and issued the warrants. They were given to a Fayette County offi-

cer and delivered to Sheriff Kelley who signed and served the warrants.

The next defendant arrested was Mr. Drew, who also confessed, implicating the appellant in the robbery of Mrs. Johnson.

The appellant was arrested at his home in Shelby County by Sheriff Kelley and the Cobra Unit. Later that day he was questioned by the sheriff at a Shelby County Sheriff's Department substation. He denied involvement in the Johnson robbery in which Messrs. Drew and Jones had implicated him.

The appellant was taken to the Fayette County Jail. The next morning he was taken to the Fayette County Courthouse to appear before the General Sessions Judge for the setting of bond. Prior to his appearance before the judge, the appellant called Sheriff Kelley aside and told him that he wanted to speak with him. Sheriff Kelley accompanied the appellant and the Circuit Court Clerk into the judge's chambers. The sheriff advised the appellant of his *Miranda* rights. The appellant orally confessed to the Fayette County robbery in which he had already been implicated. That afternoon the appellant gave written statements, confessing his complicity in the Fayette County case and the robbery in Hardeman County, the subject of this case.

■ A magistrate or court clerk shall issue a valid arrest warrant upon the filing of a written affidavit of complaint made upon oath before him or another magistrate or neutral and detached court clerk capable of determining probable cause. Rules 3 and 4, T.R.Cr.P. In this case the arrest warrant for the appellant was issued upon the basis of unsworn statements telephoned by the sheriff to the Circuit Court Clerk. Thus the warrant was invalid. This Court has previously so held in the companion case of *State of Tennessee v. John Lee Jones, et al,* Tennessee Criminal Appeals, opinion filed at Jackson, June 10, 1982.

■ It is settled law that police officers may not enter a suspect's house to arrest based upon probable cause unless they have a valid warrant or there are exigent circumstances excusing the necessity of obtaining a warrant. *Payton v. New York,* 445 U.S. 573, 587–589, 100 S.Ct. 1371, 1381, 63 L.Ed.2d 639 (1980). There were no exigent circumstances excusing the requirement of a valid arrest warrant in this case. Indeed, the sheriff sought a warrant, but failed to follow the requirements of the Tennessee Rules of Criminal Procedure. Thus the entry into the appellant's home to arrest him was illegal.

■ However, even though the arrest was illegal, the statement need not be suppressed if it was voluntary under the Fifth Amendment and there were sufficient intervening circumstances to break the causal connection between the illegal arrest and the confession, so that the confession is "sufficiently an act of free will to purge the primary taint". *Brown v. Illinois,* 422 U.S. 590, 602, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975), *Taylor v. Alabama,* 457 U.S. 687, 102 S.Ct. 2664, 2667, 73 L.Ed.2d 314 (1982).

■ The fact that a confession may be voluntary for purposes of the Fifth Amendment is not by itself sufficient to purge the taint of an illegal arrest. A finding of "voluntariness" for purposes of the Fifth Amendment is merely a threshold requirement for Fourth Amendment analysis. *Id.,* 102 S.Ct. at 2667–2668. The relevant inquiry is whether the confession was obtained by exploitation of the illegal arrest. *Dunaway v. New York,* 442 U.S. 200, 217, 99 S.Ct. 2248, 2259, 60 L.Ed.2d 824 (1979).

■ To determine whether a confession has been purged of the taint of the original arrest, the following factors must be examined:

1. The giving of proper Miranda warnings;

2. The temporal proximity of the arrest and the confession;

3. The presence of intervening circumstances; and, particularly,

4. The purpose and flagrancy of the official misconduct.

*Brown v. Illinois,* supra, 442 U.S. at 603–604, 95 S.Ct. at 2261–2262, *State v. Chandler,* 547 S.W.2d 918, 920 (Tenn.1977).

The appellant also claims that his statement was involuntary because he was physically abused by the officers at the time of his arrest and later at the Fayette County Jail. He contends that he confessed only to prevent future abuse.

He also asserted that his *Miranda* rights were violated because he initially invoked his rights by denying any involvement in the robberies. However, the officers returned and questioned him later.

■ Of course, an accused may waive his constitutional right to remain silent provided the waiver is made knowingly, intelligently and voluntarily without any compelling influence. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). Once an accused invokes his Fifth Amendment rights, interrogation must cease. *Id.,* 384 U.S. at 473–474, 86 S.Ct. at 1627.

■ In determining whether a confession is voluntary, courts must look to the totality of the circumstances to determine whether the conduct of the law enforcement officers was such as to undermine the accused's will and bring about an involuntary confession. *Haynes v. Washington,* 373 U.S. 503, 513–514, 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513 (1963), *State v. Kelly,* 603 S.W.2d 726, 728–729 (Tenn.1980).

■ Sheriff Kelley testified that the appellant was arrested without incident. Although the sheriff did not go into the appellant's home, the Cobra Unit officers went in and made the arrest, bringing him out of the house almost immediately after they entered. At that time there was "not a mark on" the appellant. The appellant, who knew Sheriff Kelley very well, never indicated that he had been abused by the Cobra Unit officers. In addition, one of the officers of that unit also testified that the arrest was routine and without incident of any kind. The appellant singled out an officer of the Fayette County Sheriff's Department as the one who beat him during the arrest. However, the proof showed that this officer did not even enter the house at the time of the arrest. Simply stated, there is not a shred of evidence in the record to support the appellant's bald allegation that he was beaten.

■ Further evidence of the voluntariness of the appellant's confession is found in the fact that he was advised of his *Miranda* rights on at least three separate occasions and that he signed a waiver indicating full advice of his rights, a knowing waiver, and that he had not been pressured or coerced into making the statement. Even the appellant admitted that Sheriff Kelley, to whom the statement was given, never abused him or threatened him in any manner whatsoever.

In light of these circumstances, it is clear that the appellant's confession was voluntary under the Fifth Amendment.

The appellant's confession was given to the sheriff over twenty-four hours after his arrest. During that interval he had been in jail with his two co-defendants where he learned that they had given statements implicating him in the robberies. The appellant approached Sheriff Kelley on his own accord at the courthouse while awaiting an appearance before the magistrate and there indicated his desire to make a statement. After that confession concerning the Fayette County robbery, Hardeman County officers questioned him and obtained the confession at issue in this case.

The only misconduct on the part of the officers was the failure of the sheriff to obtain a valid warrant. The Cobra Unit officers who actually arrested the appellant were unaware of the manner in which the arrest warrant had been obtained. They had no reason whatsoever to believe that the warrant was invalid.

In view of the lapse of time between the arrest and the confession and all of the intervening circumstances, it is clear that the original arrest did not taint the confession in any way. The first three issues have no merit.

The appellant next contends that the robbery victim's in-court identification was also tainted by his illegal arrest. The robbery victim was shown an array of ten photographs. Among those was one of the appellant which was taken during the booking process after the appellant's illegal arrest. This was the photograph selected by the victim.

This issue was first raised on appeal. Rule 12(b)(3), T.R.Cr.P. provides that a motion to suppress must be raised prior to trial. The failure to do so constitutes a waiver of pretrial identification issues. *State v. McCray,* 614 S.W.2d 90, 94 (Tenn. Cr.App.1981). In this case a motion to suppress was filed and an extensive hearing was held at which other issues raised in the motion were litigated. However, this issue was never presented to the trial judge. Hence, it was waived.

In the next issue the appellant contends that his right to cross-examine and confront witnesses was denied by the improper introduction of inculpatory statements by a co-defendant which also implicated the appellant. He contends that this is a violation of the so-called Bruton Rule derived from *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

However, the appellant's own confession which was similar to Mr. Drew's confession in all material respects was also introduced. The admission of interlocking confessions does not violate a defendant's right to confrontation or due process rights. *Parker v. Randolph,* 442 U.S. 62, 75, 99 S.Ct. 2132, 2140, 60 L.Ed.2d 713 (1979), *State v. Painter,* 614 S.W.2d 86, 89 (Tenn.Cr.App. 1981). This issue has no merit.

In the next issue the appellant contends that a sawed-off shotgun seized from a co-defendant whose case was severed was admitted into evidence without the establishment of a proper foundation to show the connection between the weapon, the crime and this appellant.

It is true that the victim could not be sure that the sawed-off shotgun was the same weapon which was pointed at him by a co-defendant. However, the gun was confiscated at the time Mr. Drew was arrested and the proof revealed that the appellant, Mr. Drew and the other defendant had been on a spree of armed robberies using a sawed-off shotgun. The admission of the shotgun was not error.

In the final two issues the appellant challenges two arguments by the state. He contends that it was error for the court to allow the prosecutor to argue to the jury, that it was their duty to protect citizens by convicting defendants charged with crime. He also contends that it was error for the court to allow argument to the effect that the possession of a sawed-off shotgun by a co-defendant indicated a propensity of the appellant to commit a violent crime. The appellant has failed to present any authority or even any argument in regard to these issues. This issue was waived. Rule 27(a)(7), T.R.A.P., *State v. Scott,* 626 S.W.2d 25, 28 (Tenn.Cr.App.1981).

All of the issues are without merit or waived. Therefore, the judgment is affirmed.

WALKER, P.J., and TATUM, J., concur.