IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JANUARY SESSION, 1998

FILED

March 5, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9703-CC-00108 |
| | ) | |
| Appellee, | ) | |
| | ) | CHEATHAM COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. ROBERT E. BURCH, JUDGE |
| GARY RAINES, DEBRA RAINES, | ) | |
| and JERRY RAINES | ) | |
| | ) | |
| Appellants. | ) | (CERTIFIED QUESTION OF LAW) |

FOR THE APPELLANTS:

**DALE M. QUILLEN**
Attorney for Gary Raines
and Debra Raines
95 White Bridge Road, Suite 208
Nashville, TN 37205

**MICHAEL J. FLANAGAN**
Attorney for Jerry Raines
95 White Bridge Road, Suite 208
Nashville, TN 37205

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**DAN M. ALSOBROOKS**
District Attorney General

**JAMES WALLACE KIRBY**
Assistant District Attorney General
102 Cumberland Street
Ashland City, TN 37015

OPINION FILED _____

AFFIRMED AS TO GARY RAINES AND DEBRA RAINES;
AFFIRMED AS MODIFIED AS TO JERRY RAINES

THOMAS T. WOODALL, JUDGE

# OPINION

Following the denial of their motion to suppress evidence, the Defendants, Gary Raines and Debra Raines pled guilty in the Circuit Court of Cheatham County to possession of marijuana for resale and possession of drug paraphernalia, and Defendant Jerry Raines pled guilty to simple possession of marijuana and possession of drug paraphernalia. In their pleas, Defendants reserved the right to appeal the trial court's denial of their motion to suppress as a certified question of law pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure and Rules 11(e) and 37(b)(2)(I) of the Tennessee Rules of Criminal Procedure. Specifically, the certified question is: "Whether or not the initial entry upon the premises and the subsequent consent search was legal." We affirm the judgment of the trial court, as modified to correct an apparent clerical error.

On November 17, 1996, Deputy Travis Walker of the Cheatham County Sheriff's Department went to 4525 Sears Road in Pegram, Tennessee to serve an arrest warrant on a woman charged with theft. The affidavit in support of the warrant was not signed by the affiant. The woman named in the warrant was the former girlfriend of Defendant Jerry Raines. Defendants Jerry Raines and his parents, Gary and Debra Raines, all lived at 4525 Sears Road. The arrest warrant listed the woman's address as 4525 Sears Road. Deputy Walker indicated in his testimony that he did not examine the affidavit of complaint prior to taking the arrest warrant to the Defendants' home.

The driveway to the home is circular and the home is about thirty to fifty yards from the road. Deputy Walker parked the patrol car in the driveway, walked to the front door, knocked, and Jerry Raines opened the door. The deputy sheriff

explained why he was there and Jerry Raines told him that the person he was looking for was his ex-girlfriend and that she no longer lived there. Walker testified that he smelled "the strong odor of marijuana coming from the residence." He then asked Jerry Raines to step outside in order to speak to him privately since he had noticed someone else in the house with Jerry Raines. Once outside, the deputy explained to Jerry Raines that he had "worked drugs before . . . knew what marijuana smelled like . . . [and that smell] was coming from his house . . . ." Walker testified that while he was talking to Jerry Raines that Jerry pulled a small bag of marijuana from his pocket and laid it on the car. He also testified that he informed Jerry Raines that if he didn't want him there then he "didn't have to be there." Walker testified that Jerry Raines became nervous and then yelled for his father, Gary Raines, to come to the patrol car. Deputy Walker explained to Gary Raines that he had smelled marijuana coming from his home and that his son had just produced a bag of marijuana. He then asked Gary Raines to sign the consent to search form. Again, Walker explained that he did not have to be on the premises if they did not want him to be. Both Gary and Jerry Raines signed the consent form at which point Jerry was placed under arrest for possession of marijuana. A search of the house revealed 608 grams (1 1/4 pounds) of marijuana and various drug paraphernalia. Gary Raines and his wife Debra were then also arrested. The residence was the home of all three Defendants.

On cross-examination, Deputy Walker admitted that at no time during his conversation with Jerry Raines prior to his arrest did he read him his Miranda rights. He also stated that Jerry Raines could have produced the bag of marijuana as a direct result of possibly being asked if he had any marijuana in his possession at that time.

We initially note that we are limited in our review of this case to the precise issue stated in the certified question of law. State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988).

"The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The credibility of witnesses, the weight of the evidence, and the resolution of conflicts in the evidence are all matters entrusted to the trial judge as trier of fact. Id. Thus, the factual findings of the trial court in suppression hearings are presumptively correct on appeal and will be upheld unless the evidence preponderates against them. Id.

This Court has observed that one does not have an expectation of privacy "in the front of his residence which leads from the public way to the front door." State v. Baker, 625 S.W.2d 724, 727 (Tenn. Crim. App. 1981). Clearly, Deputy Walker had a right to knock on the front door to inquire as to the whereabouts of the defendant named in the arrest warrant. When Deputy Walker smelled the marijuana emanating from the house, he simply observed what any person familiar with that smell would have been able to observe from the same position. "Authorities may take note of anything evident to their senses so long as they have a right to be where they are and do not resort to extraordinary means to make the observation." State v. Hurley, 876 S.W.2d 57, 67 (Tenn. 1993). Deputy Walker did not resort to extraordinary means by simply knocking on the door and speaking to Jerry Raines. Defendants argue that the arrest warrant was invalid because there is no indication that the affidavit of complaint was sworn to prior to issuance of the arrest warrant. See State v. Burtis, 664 S.W.2d 305, 307-08 (Tenn. Crim. App. 1983). Defendants submit that if the arrest warrant for the third party is invalid, Deputy Walker therefore

-4-

did not have the right to be at the door of Defendants' residence. Defendants argue that in effect, Deputy Walker was trespassing at the time he knocked on the Defendants' door with an invalid arrest warrant.

We respectfully disagree with the Defendants' argument. There is no proof in the record to indicate that any person would be put on notice that he or she would be a trespasser upon merely approaching the Defendants' residence and knocking on the door for any reason. None of the Defendants were charged in the arrest warrant possessed by Deputy Walker. There was no search or seizure which was incident to any arrest under authority of the purportedly invalid arrest warrant. Deputy Walker did not enter the residence under authority of or by virtue of the arrest warrant. There is nothing in the record to indicate that Deputy Walker was even aware that the arrest warrant might be invalid, or that use of it was a subterfuge to gather information about any illegal activity by the Defendants inside their residence. It would be perfectly legitimate for any citizen to knock on the front door of the Defendants' residence and make inquiries about the particular woman named as a defendant in the arrest warrant as it is uncontradicted that she was an ex-girlfriend of Defendant Jerry Raines. Furthermore, the deputy asked Jerry Raines if the woman still resided at the home and Jerry Raines responded, "[N]o." Under the facts of this case, we hold that Deputy Walker had a right to be in the location where he was when he smelled the odor of marijuana.

Defendants argue that Jerry Raines' right against self-incrimination was violated since Deputy Walker failed to Mirandize him before Raines turned over incriminating evidence to the deputy, thus making all evidence seized during the subsequent search inadmissible as fruit of the poisonous tree. State v. Clark, 844 S.W.2d 597 (Tenn. 1992), citing Wong Sun v. United States, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963). In Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1062,

16 L. Ed. 2d 694 (1966), the United States Supreme Court held that any incriminating statements made by an accused cannot be used unless it is demonstrated that the accused was warned any statement he might give could be used against him. However, in the case sub judice, Jerry Raines did not give an incriminating statement, rather he incriminated himself by the production of the marijuana from his pocket. The Fifth Amendment has been construed to prohibit statements of only a "testimonial or communicative nature," and not "real" evidence. See Schmerber v. California, 384 U.S. 757, 86 S. Ct. 1826, 1832, 16 L. Ed. 2d 908 (1966). The Tennessee Supreme Court appears to have adopted the federal distinction between testimonial and non-testimonial evidence. See State v. Frasier, 914 S.W.2d 467 (Tenn. 1996). Therefore, following the reasoning of our supreme court, the production of the marijuana by Jerry Raines was non-testimonial, thus not violating his right against self-incrimination. Furthermore, the Miranda requirement only attaches if the potential defendant's freedom has been restricted to the extent that he is "in custody." Stansbury v. California, 511 U.S. 318, 114 S. Ct. 1526, 128 L. Ed. 2d 293 (1994). The reasonable person's perception of what constitutes custody under the circumstances is to be used to determine whether the potential defendant is in custody. Berkener v. McCarty, 468 U.S. 420, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984). One looks at the totality of the circumstances and determines whether there was a formal arrest, or the indicia of an arrest. State v. Smith, 868 S.W.2d 561, 570 (Tenn. 1993).

In this case, the deputy asked Jerry Raines if he could speak with him privately. Deputy Walker explained to Jerry Raines that he would leave if Raines wanted him to do so. He then told Jerry Raines that he had smelled marijuana "coming from the house." At some point during this discussion, Jerry Raines pulled a bag of marijuana from his pocket and laid it on the patrol car. There is some discrepancy as to whether he produced this bag in response to Deputy Walker

asking him if he had any marijuana on his person, or whether he produced the marijuana as a result of the general conversation about Deputy Walker smelling marijuana emanating from the house. Regardless of the exact words Deputy Walker used, he did tell Jerry Raines that he would leave if he asked him to. Therefore, a reasonable person would not have believed himself to be "in custody" for purposes of Fifth Amendment protection. Since there was no Miranda violation, the subsequent search will not be viewed, as Defendants urge, as flowing from any violation of Jerry Raines' Fifth Amendment rights.

If a defendant gives consent to search voluntarily and without coercion, it "is an exception to the constitutional requirement of a search warrant." State v. Jackson, 889 S.W.2d 219, 221 (Tenn. Crim. App. 1993). "In order to pass constitutional muster, consent to search must be unequivocal, specific, intelligently given, and uncontaminated by duress or coercion." State v. Brown, 836 S.W.2d 530, 547 (Tenn. 1992). Thus, the question becomes whether or not the consent to the search in this case was given voluntarily. One looks at the facts to determine whether the consent was offered freely and voluntarily. Jackson, 889 S.W.2d at 221. The trial court's finding that a search is consensual will not be overturned on appeal unless the evidence preponderates against the ruling. State v. Woods, 806 S.W.2d 205, 208 (Tenn. Crim. App. 1990), perm. to appeal denied (Tenn. 1991), cert. denied, 502 U.S. 1079, 112 S. Ct. 986, 117 L. Ed. 2d 148 (1992); Brady v. State, 584 S.W.2d 245, 251-52 (Tenn. Crim. App. 1979).

When asked to consent to a search of the house, Jerry Raines called for his father, Gary, to come out and assist. Deputy Walker told Jerry and Gary Raines that he could go get a search warrant. It was true that he could have obtained a search warrant based on the marijuana smell and bag of marijuana that Jerry Raines had produced. See Simmons v. State, 360 S.W.2d 10 (Tenn. 1962). Deputy Walker told

the men that if they did not want him there then he "didn't have to be there." Furthermore, the consent forms which they read and signed explicitly referred to their right to refuse to consent to a search of their home absent a search warrant. Gary and Jerry Raines both freely and voluntarily signed the form consenting to the search. Therefore, the search of Defendants' home was valid.

Lastly, since Debra Raines' husband, Gary, consented to the search of the residence, that consent was valid as to her as well. One spouse can give effective consent for the search of a residence where both spouses reside. State v. Bartram, 925 S.W.2d 227, 230-31 (Tenn. 1996).

After a careful review of the record, we find no evidence that would preponderate against the findings of the trial court. However, even though not raised by any of the parties, we note a clerical error in the judgment wherein Defendant Jerry Raines was convicted of possession of marijuana. Under the negotiated plea agreement, Defendant Jerry Raines received a sentence of eleven (11) months and twenty-nine (29) days in the Cheatham County Jail, suspended with probation of eleven (11) months and twenty-nine (29) days. The judgment reflects that he was convicted of possession of marijuana, but erroneously notes that the conviction is for a Class E felony. The judgment in Case No. 12428 is amended to reflect a conviction of a Class A misdemeanor rather than a Class E felony.

The judgments of the court as to Gary Raines and Debra Raines are affirmed. The judgments regarding Defendant Jerry Raines are affirmed as modified.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____

JOHN H. PEAY, Judge

_____

DAVID H. WELLES, Judge