IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 18, 2011 Session

**STATE OF TENNESSEE v. KALE SANDUSKY**

**Appeal from the Circuit Court for Wayne County**
**No. 14203     Robert Lee Holloway, Jr., Judge**

**No. M2010-02300-CCA-R3-CD - Filed February 8, 2012**

The Defendant, Kale Sandusky, pled guilty to possession of marijuana with intent to sell, a Class E felony, and possession of drug paraphernalia, a Class A misdemeanor. See T.C.A. §§ 39-17-417, -425 (2010). He was sentenced as a Range I, standard offender to two years' probation for the possession with intent to sell conviction and to eleven months and twenty-nine days' probation for the possession of drug paraphernalia conviction, to be served concurrently. The Defendant's plea agreement reserved a certified question of law regarding the legality of the arrest warrant that led to a search of his home. We reverse the judgments of the trial court and dismiss the charges against the Defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

John S. Colley, III, Columbia, Tennessee, for the appellant, Kale Sandusky.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Mike Bottoms, District Attorney General; and John Castleman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to an arrest warrant issued for a person living with the Defendant and the discovery of marijuana and drug paraphernalia in the Defendant's home while the police executed the warrant. The Defendant filed a motion to suppress the evidence seized during the searches of his residence, arguing that because the arrest warrant for Brandon Daniel was defective, the entry of his home and the subsequent discovery of evidence violated the Defendant's constitutional rights. Because the facts of this case were not disputed at the

hearing on the motion to suppress, no witnesses testified, but four exhibits were admitted.

The exhibits showed that on September 2, 2006, Mr. Daniel was issued a citation for driving with a suspended license and for violating the financial responsibility and registration laws. Mr. Daniel failed to appear in court on September 5 and the trial court issued a bench warrant for his arrest. On October 23, 2006, officers went to the address listed on Mr. Daniel's citation to serve the warrant.

Upon arrival, the officers found a door on the back of the home standing open and noticed two surveillance cameras. The officers knocked on the door and called out for Mr. Daniel to come to the door. After receiving no response, the officers announced their presence and entered the home to search for Mr. Daniel. Upon entering the home, the officers observed marijuana plants, "grow lights," and packaging materials in plain view. The officers did not touch or disturb any of the items and left the home after determining that Mr. Daniel was not present. The Defendant arrived at the home while the officers were still present and told them that he lived at the home as well. The Defendant refused to consent to a search of the home and the police secured the home until a search warrant was issued. The officers reentered the home pursuant to the search warrant and seized marijuana, marijuana plants, "grow lights," and packaging materials.

The trial court denied the motion to suppress and found that an affidavit was not required to issue a bench warrant for the arrest of Mr. Daniel because the "mandatory language of Tenn. Code Ann. § 40-7-118(f) requires the issuance of a bench warrant for such a person's arrest." The trial court found that because no affidavit was required, "any defect in the affidavit's execution is meaningless . . . ." It found, as well, that Tennessee Rule of Criminal Procedure 4(c)(1)(A), which authorizes a clerk to sign arrest warrants, also authorized clerks to sign bench warrants issued for failure to appear.

The Defendant pled guilty but reserved the following certified question of law challenging the validity of the arrest warrant that led to a search of his home: "(a) whether the officers had a legal arrest warrant for Brandon Daniel, allowing them to enter the Defendant's residence; and (b) whether the later search warrant was tainted by the earlier entry into the home."

A trial court's factual findings on a motion to suppress are conclusive on appeal unless the evidence preponderates against them. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); State v. Jones, 802 S.W.2d 221, 223 (Tenn. Crim. App. 1990). Questions about the "credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Odom, 928 S.W.2d at 23. The prevailing party is entitled to the strongest legitimate view of the evidence

and all reasonable inferences drawn from that evidence. State v. Hicks, 55 S.W.3d 515, 521 (Tenn. 2001). The application of the law to the facts as determined by the trial court is a question of law, which is reviewed de novo on appeal. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

The State contends that the Defendant lacks standing to challenge the arrest warrant because it was issued for another individual. The Defendant contends that the State has waived this issue by failing to raise it in the trial court. We agree with the Defendant. The issue of standing cannot be raised for the first time on appeal and is waived if it is not previously raised in the trial court. See State v. Oody, 823 S.W.2d 554, 560 (Tenn. Crim. App. 1991).

First, we note that this case does not involve a capias issued upon a revoked bond for the pending charges. It concerns an arrest warrant for a new offense, failure to appear. With regard to the validity of the arrest warrant used to enter the Defendant's home, Tennessee Code Annotated section 40-7-118 states that if a defendant fails to appear in court on the date and time specified on a citation, "the court shall issue a bench warrant for the person's arrest." A warrant is not valid unless issued by a magistrate or court clerk "upon the filing of a written affidavit of complaint made upon oath before him or another magistrate or neutral and detached court clerk capable of determining probable cause." State v. Burtis, 664 S.W.2d 305, 308 (Tenn. Crim. App. 1983) (citing Rules 3 and 4 of the Tennessee Rules of Criminal Procedure). A warrant "'can be issued only by one who is neutral and detached and capable of making a probable cause determination.'" State v. Ferrante, 269 S.W.3d 908, 913 (Tenn. 2008) (quoting the advisory commission comments to Rule 3 of the Tennessee Rules of Criminal Procedure). Before a valid warrant may issue, a magistrate or court clerk must make an independent determination, based on the affidavit of complaint, that probable cause exists to support a warrant. See State v. Carter, 160 S.W.3d 526, 533 (Tenn. 2005); Holder v. State, 490 S.W.2d 170, 172 (Tenn. Crim. App. 1972).

On September 5, 2006, Mr. Daniel failed to appear in court as required. A circuit court clerk created a one-page document titled "Failure to Appear Order" and "Arrest Warrant." In the order, the clerk swore that Mr. Daniel failed to appear in court after having been lawfully issued a citation in lieu of arrest. The clerk signed the order and the arrest warrant. Although the arrest warrant states that based "upon the affidavit of complaint and sworn to before James Y. Ross, General Sessions Judge, herein there is possible cause to believe the offense [of] Failure to Appear has been committed," Judge Ross did not sign the arrest warrant. The clerk's signature is the only signature on the order and the arrest warrant.

Although the clerk was authorized by Rule 4 of the Tennessee Rules of Criminal Procedure to sign the arrest warrant, the probable cause determination supporting the arrest warrant was not based upon an affidavit of complaint made upon oath before him. The clerk was the affiant, not a neutral and detached person who could independently determine, based on the affidavit of complaint, that probable cause existed. We conclude that the arrest warrant used to enter the Defendant's home was not valid.

"It is settled law that police officers may not enter a suspect's house to arrest based upon probable cause unless they have a valid warrant or there are exigent circumstances excusing the necessity of obtaining a warrant." Burtis, 664 S.W.2d at 308 (citing Payton v. New York, 445 U.S. 573, 587-589 (1980)). Here, there were no exigent circumstances excusing the entry into the Defendant's home. We conclude that the entry into the Defendant's home pursuant to an invalid arrest warrant, which led to the discovery of the marijuana plants and paraphernalia, was illegal.

Having determined that the initial entry of the Defendant's home was illegal, we must determine whether the search warrant was tainted by the earlier entry into the home. Evidence that is obtained through an unlawful search or seizure normally must be suppressed. See State v. Jenkins, 81 S.W.3d 252, 261 (Tenn. Crim. App. 2002) (citing Wong Sun v. United States, 371 U.S. 471, 488 (1963)). An illegal entry "does not compel exclusion of evidence found within a home if that evidence is subsequently discovered after execution of a valid warrant obtained on the basis of facts known entirely independent and separate from those discovered as a result of the illegal entry." State v. Clark, 844 S.W.2d 597, 600 (Tenn. 1992) (citing Segura v. United States, 468 U.S. 796, 813-14 (1984)). Evidence observed during an illegal entry will not be excluded if "(1) the evidence is later discovered during a search pursuant to a valid warrant, (2) this valid warrant was obtained without reference to evidence uncovered during the illegal search, and (3) the government agents would have obtained the warrant even had they not made the illegal entry." Clark, 844 S.W.2d at 600 (citing Murray v. United States, 487 U.S. 533, 543 (1988)).

Here, the affidavit of complaint supporting the search warrant states that the officers observed the marijuana and paraphernalia while searching for Mr. Daniel. Because this information was learned solely as a result of the illegal entry into the Defendant's home, the search warrant was tainted by the illegal entry and the evidence should have been suppressed. We hold that the trial court erred by denying the Defendant's motion to suppress. Because no admissible evidence remains to support the convictions, they are reversed and the charges are dismissed.

In consideration of the foregoing and the record as a whole, we reverse the judgments of the trial court and dismiss the charges against the Defendant.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE