SMITH *v.* STATE.

(*Nashville*, December Term, 1934.)

Opinion filed Jan. 12, 1935.

BEN E. GROCE and GEORGE C. BERTRAM, both of Byrds-town, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff in error, Baalam Smith, has appealed from a conviction of voluntary manslaughter.

The homicide charged in the indictment was committed on January 1, 1919. The indictment was returned

in 1933. To this indictment Smith pleaded in abatement that a former indictment, returned at the January term, 1919, charged him with the same offense; that he had not been required to plead to the former indictment, although he had been within the jurisdiction of the court for twelve years following its return.

During the twelve years referred to in the plea, Smith was confined in the penitentiary for a homicide committed at the same time with that charged in this case.

The defendant invokes the constitutional direction that in all criminal prosecutions the accused is entitled to a speedy trial. Constitution of Tennessee, article 1, section 9.

Under the ruling in *Arrowsmith* v. *State*, 131 Tenn., 480, 175 S. W., 545, L. R. A., 1915E, 363, the state could not have required the plaintiff in error to respond to the former indictment after holding him in custody for twelve years on another charge, during which period it made no effort to bring him to trial on the second charge.

The state submits that this bar is limited to the indictment pending during the period of delay, and does not extend to a new indictment returned thereafter. In support of its position it points out that the Legislature, interpreting the Constitution, has prescribed no limitation of time on prosecutions for capital offenses. Code, section 11481.

To sustain this contention of the state would be to observe the form of the constitutional direction and deny its substance.

The second indictment was a continuation of the prosecution begun by the first. *Hickey* v. *State*, 131 Tenn., 112, 174 S. W., 269. Both indictments charged the same offense. The constitutional right which had accrued as a

bar to the further prosecution of the first indictment would be defeated by evasion, if the state could avoid the consequences of its delay by the simple expedient of abandoning the first and presenting a new indictment.

There is involved in this case no consideration of the application of the constitutional right to a speedy trial to the period elapsing between the commission of an offense and the date the prosecution is begun. Here the prosecution was begun when the first indictment was returned, and the statute of limitation was tolled by that indictment, as ruled in *Hickey* v. *State, supra.* The application of the constitutional direction is made manifest by that ruling.

The judgment of the trial court will be reversed, and the plaintiff in error discharged.