# STATE OF TENNESSEE ex rel. CORNELIUS LEWIS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. June 11, 1969.

Certiorari Denied by Supreme Court Sept. 2, 1969.

William J. Faimon, Nashville, for plaintiff in error.

George F. McCanless, Atty. Gen., Edward J. Gross, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

## OPINION

JOHN A. MITCHELL, Special Judge.

Cornelius Lewis, who will hereinafter be referred to as petitioner, was indicted by the grand jury for Davidson County on two separate indictments each charging "assault with intent to commit murder in the first degree."

Upon the trial of one of these charges in Division I of the Criminal Court of Davidson County, the petitioner was convicted on October 31, 1963 of assault with intent to commit murder in the first degree, at which time a sentence of three (3) years to twenty-one (21) years in the State Penitentiary was imposed. The other indictment was placed on the retired docket upon recommendation of the Attorney-General.

Subsequent to his conviction and sentence, the petitioner successfully petitioned the United States District Court for a writ of habeas corpus which was granted on November 1, 1965, the State appealed to the United States Circuit Court of Appeals where the District Court's order granting a writ of habeas corpus was affirmed. Thereafter, the petitioner was again tried in Criminal Court of Davidson County on October 18, 1967 upon these two charges of assault with intent to commit murder in the first degree.

In each case he was represented by counsel, appointed by the Court, and entered pleas of guilty, signed written pleas of guilty of assault with intent to commit murder in the first degree, and signed a written waiver of right to appeal. On the first case a sentence of ten (10) years imprisonment was imposed and in the retired case, which had been reinstated on the docket upon motion of the Attorney-General, a sentence of three (3) years imprisonment was imposed, sentences to run consecutively.

On May 20, 1968 the petitioner filed a petition for writ of habeas corpus in Division I of the Criminal Court of Davidson County, which petition, after an evidentiary hearing, was dismissed by the trial judge for the reason,

That from all of which the Court finds no justiciable issue presented from the complete proceedings; that this petition and the proof offered thereunder is in the nature of a collateral attack on a good and valid judgment, which judgment is in all respects legal and valid, the record affirmatively showing no defect, and the same should therefore be dismissed.

The petitioner then appealed to this Court.

The petitioner raises no question as to the conviction and imposition of the ten-year sentence in the first case, but does aver that by being compelled to stand trial in the second case on the indictment which had been retired and then reinstated in the docket, in which he was convicted and a three (3) year prison sentence imposed, he was denied the right to a speedy trial in violation of Article I, Section 9 of the Constitution of Tennessee and of the Sixth Amendment to the Constitution of the United States.

The petitioner also avers that the statute of limitations had run against the indictment in the second case. We think the petitioner has an erroneous conclusion as to the operation of the statute of limitations. The statute of limitations,

[applies] to the period elapsing between the commission of an offense and the date the prosecution is begun. (Smith v. State, 168 Tenn. 265, 267, 77 S.W.2d 450.)

"Prosecution is commenced by issuance of a warrant or the binding over of a defendant." TCA 40-206.

or, of course, the return of an indictment against the accused.

It is also averred in the petition that the Court punished the petitioner for seeking a new trial in his other conviction. We find no evidence to support this averment.

Counsel for the petitioner in his brief and argument insists that the conviction and sentence are void because

of the long delay in bringing the petitioner to trial, a period of more than four (4) years time, during which the State, in whose custody he was held, could have brought him to trial at any time the Attorney-General desired to do so.

■ Our criminal procedure recognizes the right of a trial judge to retire a case from the docket. In State ex rel. Underwood v. Brown, 193 Tenn. 113-120, 244 S.W.2d 168, 169-171, it was held:—

"When a case is placed on the retired docket, as is frequently done by the Courts of this State, in doing so the court in no way says that the case is dismissed or will not be further prosecuted. The case is merely retired until a time when the defendant may be brought into court and properly tried for the then pending indictment."

■ We recognize the fact that redocketing the case and requiring the defendant to stand trial on the case which had been retired may result in depriving him of a speedy trial unless the defendant has waived his right to avail himself of that defense.

The main question in this case is whether the petitioner was deprived of a right to a speedy trial as provided in the Constitutions of Tennessee and the United States, by being brought to trial in the second case where the case had been retired after conviction in the first case, and then reinstated on the docket, after a delay of four years; and whether by pleading guilty he has waived the right to now raise that question under this habeas corpus proceeding.

There can be no doubt that the petitioner pleaded

guilty of these charges at a time when he was in Court, represented by appointed counsel, excerpts from the testimony of the petitioner are quoted as follows from the Bill of Exceptions, page 6-7:

Direct examination of petitioner.

"Q. You came back to this Court on October the eighteenth, 1967 to face this charge again, is that right?

A. That's correct.

Q. What happened at that time?

A. Well, they * * * when they asked me to accept * * * they asked me would I accept ten years on one of the cases and three years on the other one.

Q. And you did?

A. I got * * * I accepted them."

From Bill of Exceptions page 11-12:

"Q. THE COURT: But the case on the last trial where you're now confined, you plead guilty?

A. Yes, sir.

THE COURT: You took that witness stand and testified to it didn't you?

A. Yes, sir, I did.

THE COURT: All right. You signed a written pleas of guilty through your attorney?

A. Yes, sir."
From page 12 of Bill of Exceptions:

"THE COURT: Does the State have any witnesses?

Gen. Gross: Your Honor please, the only proof that the State would show in this particular case, and I believe Your Honor can take judicial knowledge of your own minutes—the entire transpiration of events when General Omer and I were here on October the eighteenth, 1967 are recorded in Minute Book 82, Pages 715 through 717. Recorded a waiver of appeal, the written plea of guilty on both of these cases. We're just asking Your Honor to take judicial knowledge of your own minutes, which you certainly can.

THE COURT: All right, sir. Discussion, Mr. Faimon?"

The foregoing quotations from the bill of exceptions "confirms the fact that the petitioner pleaded guilty." While the Attorney-General in the bill of exceptions requested the trial court to take judicial knowledge of his minutes and quoted the recorded waiver of appeal and a written plea of guilty in both of the cases and referred to in Minute Book 82, pages 715-717, the actual minute entries and the actual pleas of guilty are not made a part of the bill of exceptions. However the bill of exceptions does contain enough evidence to convince us that the petitioner did plead guilty in both cases and agreed upon the sentences imposed.

Nowhere in the record does the petitioner insist that he did not understand the effect of his pleas of guilty.

In Wright v. State, 218 Tenn. 610, 616, 405 S.W.2d 177, 180, and in Raine v. State, 143 Tenn. 168, 226 S.W. 189, our Supreme Court held:—

"In light of the opinion of this Court in Raine v. State, supra, it is now beyond serious question that the defendant's right to a speedy trial is a personal one, and may be waived."

In Wright v. State, supra, the defendant, prior to trial, filed a plea in which he averred he had been denied a speedy trial.

In the case of State v. Brown, 193 Tenn. 113, 244 S.W.2d 168, supra, Mr. Chief Justice Burnette speaking for the court had this to say:

"It is next contended by the appellee in his reply brief that the judgment of May 10, 1950, is void because the appellee was denied a speedy trial as guaranteed by Section 9 of Article I of our Constitution.

"It is not every delay in the trial of an indictment that amounts to denial of the constitutional right to a speedy trial. Raine v. State, 143 Tenn. 168, 226 S.W. 189. In so far as the record shows in the instant case the relator in effect, as we have said above, acquiesced in, or even requested the delay. It seems to us too, that this question cannot be here raised under a habeas corpus proceeding. The question if it could have been raised should have been raised at the trial of May 10, 1950, wherein the defendant was convicted. At that trial the defendant was represented by counsel and through counsel, in the presence of the relator, the defendant pleaded guilty. If the question of not being granted a speedy trial was to be raised at all it should have been raised at that time and it cannot be raised at a subsequent time in a habeas corpus proceeding. We cannot in such proceedings delve into

these matters and determine facts not presented by the record. When the relator thus appeared in person, represented by counsel, at the May 10, 1950, trial and did not raise the question here referred to that is, a speedy trial, he waived this question that he now seeks to rely on. Habeas corpus cannot be used as an appeal, or a writ of error. Its office is to strike down the restraint occasioned by a void, and not merely a voidable, judgment. State ex rel. Karr v. Taxing District, 84 Tenn. 240. A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment. Lynch v. State ex rel. Killebrew, 179 Tenn. 339, 166 S.W.2d 397. This Court in its very beginning held in McBean v. State, 50 Tenn. 20, that a defendant might waive his immunity from double jeopardy. We cannot see then if he may waive such a right why he cannot waive the right to a speedy trial, which rests upon the same foundation as that of double jeopardy."

We, therefore, conclude that the petitioner has, by his plea of guilty, waived his right to raise the question that he was denied a speedy trial. This was a right he should have asserted prior to the entry of a plea of guilty.

This Court held in an opinion by Judge Oliver in State ex rel. Lawrence v. Henderson, 433 S.W.2d 96, June 18, 1968, certiorari denied November 4, 1968:

"Upon pleading guilty, the petitioner admitted all facts alleged and waived all non-jurisdictional defects. Reed v. Henderson [6th Cir., 385 F.2d 995], supra. A voluntary plea of guilty constitutes a waiver of non-

jurisdictional defenses and the alleged prior violation of accused's constitutional rights. McCord & Anglin v. Henderson [6th Cir., 384 F.2d 135], supra."

The assignments of error are overruled and the judgment of the trial court is affirmed.

WALKER, P. J., and OLIVER, J., concur.