# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH 2000 SESSION

FILED

March 17, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **ALFRED LEE MAULDIN,** | ) | |
| | ) | **NO. M1999-00532-CCA-R3-CD** |
| Appellant, | ) | |
| | ) | **MAURY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JIM T. HAMILTON,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Denial of Motion for Expungement) |

**FOR THE APPELLANT:**

**ALFRED LEE MAULDIN**
*Pro Se*
1101 John A. Denie Rd.
P.O. Box 34550
FCI-Memphis, TN 38184

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**MARVIN E. CLEMENTS, JR.**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**T. MICHAEL BOTTOMS**
District Attorney General
252 N. Military Ave. Ste 202,
P.O. Box 459
Lawrenceburg 38464-0459

**OPINION FILED:** _____

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

**JOE G. RILEY, JUDGE**

## OPINION

Defendant appeals as of right from the Maury County Circuit Court's dismissal of his motion for expungement.[1]  Upon our examination of the record presented for review, we hold the trial court properly denied relief as to all convicted offenses but erred in denying relief as to the dismissed cases.  We remand to the trial court for entry of an order in accordance with this opinion.

## BACKGROUND

On September 8, 1992, defendant's case no. 7165 was retired from the docket.  The following day defendant entered *nolo contendere* pleas in case nos. 7306, 7307 and 7308, pleading to three sales of a controlled substance.  On March 21, 1997, the trial court granted the state's motion to *nolle prosequi* case nos. 9110-9114.

On May 18, 1999, defendant filed a rambling, confusing, inartfully drafted, *pro se* petition to expunge the records in the above cases.  On July 26, 1999, the trial court entered an order indicating that the petition was "overruled and dismissed." This appeal followed.

## ANALYSIS

Pursuant to Tenn. Code Ann. § 40-32-101(a), the defendant is not entitled to expunge case nos. 7306, 7307 and 7308, in which he entered a plea of *nolo contendere*.  The trial court properly dismissed the request for expungement in these cases since conviction offenses are not subject to expungement.

---

[1]Defendant makes numerous other allegations and seeks various forms of relief. However, the only issue relevant to this appeal is the request for expungement.

The retired case no. 7165 presents a unique issue. When a trial court retires a case from the docket, the case is not dismissed and may be subject to further prosecution. State ex rel. Underwood v. Brown, 244 S.W.2d 168, 171 (Tenn. 1951); State ex rel. Lewis, v. State, 447 S.W.2d 42, 43 (Tenn. Crim App. 1969). A retired case, which has not been dismissed, is not listed as subject to expungement under Tenn. Code Ann. § 40-32-101. Thus, the trial court properly denied expungement in this retired case. Upon remand, should the case be dismissed, the trial court could then order expungement.

The state concedes petitioner is entitled to expungement in case nos. 9110-9114. The statute provides that "upon petition in the court where a *nolle prosequi* is entered, all public records shall be expunged." Tenn. Code Ann. § 40-32-101(a)(3); State v. Liddle, 929 S.W.2d 415 (Tenn. Crim. App. 1996). A defendant is entitled to expungement in such cases, and the trial judge is without discretion in denying such a request. *See* State v. McCary, 815 S.W.2d 220, 222 (Tenn. Crim. App. 1991). Thus, upon remand, the trial court shall enter an order of expungement as to case nos. 9110-9114.

The state contends petitioner's request to expunge the "criminal history record" maintained by the "Department of Correction" should be denied. It contends petitioner has made no showing that such records exist. Furthermore, it contends such records would be exempt as law enforcement records under Tenn. Code Ann. § 40-32-101(b). *See* State v. Neil Edward Bridges, C.C.A. No. 01C01-9508-CC-00271, Grundy County (Tenn. Crim. App. July 26, 1996, at Nashville).

Upon remand, the trial court shall enter a standard order of expungement in case nos. 9110-9114. Any "arrest histories, investigative reports or intelligence information," held by the Department of Correction or any other law enforcement agency, that "are not open for inspection by members of the public" are exempt.

Tenn. Code Ann. § 40-32-101(b).

## CONCLUSION

The judgment of the trial court denying expungement is **AFFIRMED** as to case nos. 7165, 7306, 7307, 7308; **REVERSED** as to case nos. 9110-9114; and this matter is **REMANDED** to the trial court for entry of an order consistent with this opinion.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**ALAN E. GLENN, JUDGE**


_____
**WILLIAM B. ACREE, JR., SPECIAL JUDGE**