# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1998

FILED

November 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9711-CR-00487 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. MARY BETH LEIBOWITZ |
| HUGH RAY WILSON, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (State Appeal - Dismissal of Warrant) |

## ON APPEAL AS OF RIGHT FROM THE JUDGMENT OF THE CRIMINAL COURT OF KNOX COUNTY

FOR THE APPELLEE:

HERBERT S. MONCIER
Suite 775 NationsBank Center
550 Main Avenue
Knoxville, TN 37902

FOR THE APPELLANT:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

RANDALL E. NICHOLS
District Attorney General

REBECCA A. BELL
ROBERT JOLLEY
Assistant District Attorneys General
City-County Building
Knoxville, TN 37902

OPINION FILED_____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The State appeals the dismissal of an arrest warrant by the Knox County Criminal Court. The Defendant was convicted of driving under the influence in Knox County General Sessions Court, but on appeal, the Criminal Court overturned the conviction, holding that the warrant upon which the conviction was based was void ab initio. On appeal, the State contends that the warrant, which was initially defective, was properly amended prior to trial, and thus, the conviction should stand. In addition, the Defendant appeals a ruling allowing the State to appeal the dismissal of the warrant. The Defendant contends that Rule 3 of the Tennessee Rules of Appellate Procedure does not allow the State to appeal the dismissal of an arrest warrant. Tenn. R. App. P. 3. We conclude that the State has the right to appeal the dismissal of the warrant, and we affirm the trial court's conclusion that the warrant was void.

On April 16, 1996, the Defendant, Hugh Ray Wilson, was arrested without a warrant on the charge of driving under the influence. On the same day, the officer who arrested the Defendant presented an affidavit to Judicial Commissioner John Sholly, who attested the affidavit of complaint and issued an arrest warrant. Although the affidavit contained the officer's address, division, and phone number, the officer/affiant failed to sign the affidavit.

The case was initially set for April 24, 1996, and was thereafter continued to June 10, 1996 and later July 11, 1996. At the July 11 hearing, the Defendant entered a formal plea of not guilty. At each successive proceeding, each of the Knox County General Sessions judges scheduled to hear the case recused himself or herself because of personal acquaintance with the Defendant. The

case was eventually set for August 21, 1996 before Judge Murch, a judge from out of county who was specially designated to hear the case in place of the recused Knoxville judges.

On August 19, 1996, two days before the scheduled hearing, the prosecutor appeared before Judge Tony Stansberry, who had previously recused himself from the case, to cure the defective warrant. The Defendant was not notified of the proceeding. The officer who arrested the Defendant was present at the proceeding. Judge Stansberry witnessed the officer's signature being placed on the original affidavit. The judge then scratched through Commissioner Sholly's signature and signed his name to both the affidavit and the warrant. The date, April 16, 1996, remained untouched.

On August 21, 1996, at the hearing before Judge Murch, Defendant Wilson was notified of the changes to the warrant and moved to dismiss it. His motion was overruled, and he was subsequently convicted in general sessions court of driving under the influence. The Defendant next filed an appeal to the Knox County Criminal Court and again moved to dismiss the warrant. A hearing was held on August 7, 1997 before Knox County Criminal Court Judge Mary Beth Leibowitz; and on October 8, 1997, Judge Leibowitz filed a Memorandum Opinion dismissing the warrant, finding that it was "void from the beginning," and dismissing the Defendant's driving under the influence conviction. The State moved to reconsider, but the State's motion was not addressed by the trial court because the State subsequently filed a notice of appeal to this Court.

A threshold issue, raised by the Defendant, is whether the State has the right to appeal to this Court, pursuant to Rule 3 of the Tennessee Rules of

Appellate Procedure, from the dismissal of an arrest warrant. Tenn. R. App. P. 3. We conclude that it does.

The Defendant initially raised this issue on a motion to dismiss the State's appeal. We overruled the motion, but reserved our final decision until the appeal was heard in full. Judge Witt, who made the preliminary ruling on this issue, noted that the provision of Rule 3 permitting an appeal as of right by the State from the dismissal of a "complaint" could include the dismissal of an "arrest warrant." He observed that a "'complaint' in the context of a criminal proceeding may be fairly understood to mean the entire misdemeanor proceeding, during which an arrest warrant may have been issued, which proceeding never results in an indictment or information." The Defendant argues that the language of Rule 3 does not expressly provide for an appeal from dismissal of an arrest warrant. He asserts that allowing such an appeal would be an enlargement of the State's grounds for appeal, an issue which should be addressed by the legislature rather than the judiciary. We disagree.

Rule 3(c) of the Tennessee Rules of Appellate Procedure sets forth the grounds for an appeal as of right for the State:

> In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding.

Id.

-4-

Our jurisdiction by statute extends to review of the final judgments of trial courts in "proceedings instituted with reference to or arising out of a criminal case." Tenn. Code Ann. § 16-5-108(a)(2). Rules 37(a) and (b) of the Tennessee Rules of Criminal Procedure provide that an appeal as of right "lies from any order or judgment in a criminal proceeding where the law provides for such appeal." Tenn. R. Crim. P. 37 (a), (b). This Court has previously observed that "the statute establishing jurisdiction in this Court apparently anticipates that all final judgments arising out of criminal cases are appealable." State v. McCary, 815 S.W.2d 220, 221 (Tenn. Crim. App. 1991); see State v. Warren Sego, No. 02C01-9411-CC-00244, 1995 WL 454020, at *1 (Tenn. Crim. App., Jackson, Aug. 2, 1995); State v. Talmadge G. Wilbanks, No. 02C01-9601-CR-00003, 1996 WL 668119, at *3 (Tenn. Crim. App., Jackson, Nov. 19, 1996).

In the present case, the State appeals the dismissal of an arrest warrant. We decline to base our decision on an exclusively literal interpretation of the language of Rule 3 of the Tennessee Rules of Appellate Procedure because we conclude that the State's appeal is from a judgment entered by the trial court arising out of a criminal prosecution and is therefore properly before this Court. Tenn. R. App. P. 3. To hold otherwise would result in the trial court becoming the final arbiter in deciding to dismiss a criminal warrant, a result which we think would contradict the policies underlying judicial review.

We turn now to the principal issue before us, namely, whether the trial court erred in dismissing the warrant charging the Defendant with driving under the influence. The State cites Rule 7(b) of the Tennessee Rules of Criminal Procedure, which allows for amendment of an indictment without the Defendant's consent provided that no additional offense is charged, no substantial rights of

the Defendant are prejudiced, and the amendment occurs before jeopardy attaches. Tenn. R. Crim. P. 7(b). The State also points to cases in which the court notes that amendments of warrants, like amendments of indictments, are within the discretion and authority of the trial court. See Murff v. State, 425 S.W.2d 286, 288 (Tenn. 1967); State v. Gross, 673 S.W.2d 552, 554 (Tenn. Crim. App. 1984). The State contends that the warrant in the present case was properly amended prior to trial.

While the law is clear in Tennessee that a warrant may be amended, we cannot agree that the proceedings in this case amount to an amendment of a valid warrant, as suggested by the State. What the State seeks to characterize as an "amendment" appears to have been a classic attempt to "make a silk purse out of a sow's ear." Under Tennessee law, if a warrant does not meet procedural and constitutional requirements, it is invalid. State v. Burtis, 664 S.W.2d 305 (Tenn. Crim. App. 1983). A void warrant invalidates all subsequent proceedings emanating from the warrant. State v. Campbell, 641 S.W.2d 890 (Tenn. 1982). No valid conviction can occur if the charging instrument is void. State v. Morgan, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979).

Proper procedure in Tennessee for the issuance of a warrant requires that the "affidavit of complaint . . . be made upon oath before a magistrate or a neutral and detached court clerk . . . ." Tenn. R. Crim. P. 3. Section 40-6-203 of the Tennessee Code Annotated states: "Upon information made to any magistrate of the commission of a public offense, the magistrate shall examine, on oath, the informant, reduce the examination to writing, and cause the examination to be signed by the person making it." Tenn. Code Ann. § 40-6-203. The magistrate

then reviews the affidavit of complaint to determine whether there is probable cause for an arrest. Tenn. R. Crim. P. 4 (a)-(b); Tenn. Code Ann. § 40-6-205.

Here, the affidavit supporting the warrant was not signed before issuance of the warrant. The State later attempted to remedy the omission by going before a second judge who allowed a belated signature by the affiant and who himself signed over the crossed-out signature of the judge who had formerly issued the warrant. We must view the warrant at the time it was issued. Because there was no affiant's signature and thus no sworn statement to support the issuance of a warrant, we find that the warrant at issue was never valid. Therefore, any attempt to amend it was inconsequential. A nullity may not be corrected by amendment. "If it's void, it's void." Professor Elvin E. Overton, University of Tennessee College of Law.

As the trial court aptly noted, the State had a number of options at its disposal. The State could have dismissed the defective warrant and reinstituted proceedings against the Defendant through, for instance, re-arrest, indictment, or presentment. See Tenn. R. Crim. P. 4; Waugh v. State,564 S.W.2d 654 (Tenn. 1978); Jones v. State, 332 S.W.2d 662, 667 (Tenn. 1960) (noting that indictment by grand jury nullifies questions regarding the sufficiency of the warrant). However, at this time and without any further action on the part of the State, we view any discussion of whether the State may now reinstitute proceedings against the Defendant as premature.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
CURWOOD WITT, JUDGE


_____
WILLIAM H. INMAN, SENIOR JUDGE