IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 26, 2016 Session


**STATE OF TENNESSEE v. LISA HAYES**


**Appeal from the Criminal Court for Sullivan County**
**No. S64299     James F. Goodwin, Judge**

_____


**No. E2015-01112-CCA-R3-CD – Filed June 29, 2016**

_____


The Defendant, Lisa Hayes, was arrested without a warrant for driving under the influence and simple possession of marijuana. More than one year later, the Sullivan County General Sessions Court held a preliminary hearing, and the Defendant's case was bound over to the grand jury. Following her indictment for the offenses, the Defendant filed a motion to dismiss the indictment in the Criminal Court for Sullivan County, alleging that the prosecution was not commenced within the applicable one-year statute of limitations. The trial court agreed and granted the Defendant's motion to dismiss. In this appeal as of right, the State challenges the trial court's ruling dismissing the case. Because no document in the record qualifies as a valid arrest warrant and the State failed to establish that the Defendant's first appearance in general sessions court was within the applicable statute of limitations, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Barry Staubus, District Attorney General; and Benjamin Rowe, Assistant District Attorney General, for the appellant, State of Tennessee.

J. Matt King and Matthew A. Spivey, Kingsport, Tennessee, for the appellee, Lisa Hayes.

**OPINION**

On July 2, 2013, Trooper Robert Greer of the Tennessee Highway Patrol arrested the Defendant without a warrant for driving under the influence and simple possession of marijuana. Trooper Greer prepared a written affidavit of complaint, which he signed under oath before a notary public on July 3, 2013. That same day, a Sullivan County Clerk determined that there was probable cause for the Defendant's arrest for driving under the influence and simple possession of marijuana based upon the affidavit of complaint.[1] The clerk indicated on the affidavit of complaint that the Defendant was "given a citation or arrested without warrant." However, the clerk did not specify, by marking the appropriate box on the form, that an arrest warrant or criminal summons should issue, and no arrest warrant or criminal summons appears in the record on appeal.

On October 23, 2014, a preliminary hearing was conducted in the Sullivan County General Sessions Court, and after finding probable cause, the general sessions court bound over the Defendant's case to the grand jury. On January 6, 2015, the grand jury indicted the Defendant for driving under the influence and simple possession of marijuana. The Defendant filed a motion to dismiss the indictment, asserting that the affidavit of complaint was void *ab initio* because it was not made "on oath" before a magistrate or a neutral and detached clerk in violation of Rule 3(b) of the Tennessee Rules of Criminal Procedure and that the prosecution was not commenced within the applicable statute of limitations. Following a hearing, the trial court granted the Defendant's motion to dismiss after finding that "more than one year" had elapsed between the date of the offenses and the date the Defendant's case was bound over to the grand jury.[2] Thereafter, the State filed a timely appeal.

**Analysis**

On appeal, the State challenges the trial court's finding that the Defendant's prosecution was not commenced within the applicable statute of limitations. The State contends that the affidavit of complaint filed the day after the Defendant's arrest timely commenced prosecution. While the State concedes that the affidavit of complaint did not comply with statutory requirements, it asserts that dismissal of the indictment was unwarranted because the affidavit of complaint included all of the essential components of an arrest warrant under Tennessee Code Annotated section 40-6-208 and met the

---

[1] On appeal, the parties assert that Trooper Greer did not appear before the clerk when the probable cause determination was made. The record, however, is silent on whether the trooper was present for the probable cause determination.

[2] The trial court made its findings regarding the statute of limitations orally at the hearing on the motion to dismiss. The record on appeal does not contain a written order from the trial court granting the Defendant's motion.

constitutional requirements of an arrest warrant. Alternatively, the State contends that the prosecution was timely commenced when the Defendant appeared in general sessions court within the statute of limitations. Finally, the State asserts that the Defendant waived consideration of the statute of limitations issue by failing to raise it in general sessions court.

We review issues of statutory construction de novo with no presumption of correctness attaching to the ruling of the trial court. See State v. Ferrante, 269 S.W.3d 908, 911 (Tenn. 2008) (citing State v. Edmondson, 231 S.W.3d. 925, 927 (Tenn. 2007)). "The same standard of review applies to our interpretation of Tennessee's Rules of Criminal Procedure." Id. (citing Green v. Moore, 101 S.W.3d 415, 418 (Tenn. 2003)).

The issue before the court is whether the State commenced prosecution of the Defendant within the applicable statute of limitations. The Defendant was charged with the misdemeanor offenses of driving under the influence and simple possession of marijuana. See Tenn. Code Ann. §§ 55-10-401(1), 39-17-418(a) (2013). The period within which prosecution must commence for these misdemeanor offenses is one year. See Tenn. Code Ann. § 40-2-102(a) (2013). The purpose of the limitations period "is to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial action in criminal cases." State v. McCloud, 310 S.W.3d 851, 859 (Tenn. Crim. App. 2009) (quoting State v. Nielsen, 44 S.W.3d 496, 499 (Tenn. 2001)) (internal quotation marks omitted). The statute of limitations applies to the period elapsing between the commission of the offense and the date that prosecution begins. Ferrante, 269 S.W.3d at 911 (citing State ex rel. Lewis v. State, 447 S.W.2d 42, 43 (Tenn. Crim. App. 1969)).

Tennessee Code Annotated section 40-2-104 "provides for the commencement of a prosecution by several methods, 'all deemed to provide the defendant with sufficient notice of the crime.'" Id. at 914 (quoting State v. Tait, 114 S.W.3d 518, 522 (Tenn. 2003)). The statute states, in relevant part:

> A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, *the issuing of a warrant*, the issuing of a juvenile petition alleging a delinquent act, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or *by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense*.

Tenn. Code Ann. § 40-2-104 (2013) (emphases added).

In this case, the trial court found that the prosecution against the Defendant did not commence until the general sessions court bound over the Defendant's case on October 23, 2014, more than one year after the offense date of July 2, 2013. It appears from the record that no arrest warrant was issued following the probable cause finding by the clerk. Rather, the State attempted to commence prosecution by the filing of the affidavit of complaint. On appeal, the State acknowledges a statutory defect in the affidavit of complaint based upon the clerk's failure to examine, under oath, Trooper Greer regarding the contents of the affidavit. See Tenn. Code Ann. § 40-6-203(a) (Tennessee Code Annotated section 40-6-203(a) provides: "Upon information made to any magistrate of the commission of a public offense, the magistrate shall examine, on oath, the affiant or affiants, reduce the examination to writing, and cause the examination to be signed by the person making it."), see also State v. Kenneth Epperson, No. E2015-00478-CCA-R3-CD, 2015 WL 10913614, at *2 (Tenn. Crim. App. May 18, 2015) (concluding that an affidavit of complaint that was sworn and signed before a notary public, rather than a clerk, judge, or judicial commissioner was void and ineffective for commencing a timely prosecution). Nonetheless, the State argues that the affidavit of complaint was sufficient to commence prosecution because it met the statutory and constitutional requirements for an arrest warrant.

However, "[a] warrant of arrest is *an order*, in writing, stating the substance of the complaint, *directed to a proper officer*, signed by a magistrate, and *commanding the arrest of the defendant*." Tenn. Code Ann. § 40-6-201 (emphasis added). Tennessee Code Annotated section 40-6-205 provides that "[i]f the magistrate is satisfied from the written examination that there is probable cause to believe the offense complained of has been committed and that there is probable cause to believe the defendant has committed it, then the magistrate *shall issue an arrest warrant*." Tenn. Code Ann. § 40-6-205(a) (emphasis added). Likewise, Tennessee Rule of Criminal Procedure 4 states that "[i]f the affidavit of complaint and any supporting affidavits filed with it establish that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate or clerk *shall issue an arrest warrant* to an officer authorized by law to execute it[.]" Tenn. R. Crim. P. 4(a) (emphases added). Rule 4 further provides that an arrest warrant shall:

(A) be signed by the magistrate or clerk;

(B) contain the name of the defendant or, if this name is unknown, any name or description by which the defendant can be identified with reasonable certainty;

(C) indicate the county in which the warrant is issued;

- 4 -

(D) describe the offense charged in the affidavit of complaint; and

(E) order that the defendant be arrested and brought before the nearest appropriate magistrate in the county of arrest.

Tenn. R. Crim. P. 4(c)(1)(A)-(E).[3]  Under Tennessee law, if a warrant does not meet procedural and constitutional requirements, it is invalid.  State v. Wilson, 6 S.W.3d 504, 507 (Tenn. Crim. App. 1998) (citing State v. Burtis, 664 S.W.2d 305 (Tenn. Crim. App. 1983)).

Upon review of the affidavit of complaint filed in this case, we conclude that the affidavit of complaint is not a valid arrest warrant.  Although the affidavit of complaint document contains a "probable cause determination," the affidavit of complaint does not order that anything be done, is not directed to a proper officer, and does not command the arrest of the Defendant.  See Tenn. Code Ann. § 40-6-201; Tenn. R. Crim. P. 4(c)(1)(E). Moreover, the affidavit of complaint in this case clearly contemplates further action because the document provides the option for the clerk to issue either an arrest warrant or criminal summons.  The fact that the affidavit of complaint provides a choice for the issuance of an arrest warrant implies that the document is not itself an arrest warrant.

In cases where the defendant has already been taken into custody, "the purpose of the warrant is to serve as the charging instrument."  Ferrante, 269 S.W.3d at 913; see also Tenn. R. Crim. P. 4, Advisory Comm'n Cmts. (noting that, even in cases of warrantless arrest, the arrest warrant issued upon the affidavit of complaint, rather than the affidavit of complaint itself, "still serves as the official charging instrument, issued after a judicial finding of probable cause, and gives notice of the charge which must be answered[]"); Jones v. State, 332 S.W.2d 662, 667 (Tenn. 1960) (recognizing that "[t]he purpose of a warrant is to give an accused person notice that he is charged with some offense").  Moreover, the plain language of Tennessee Code Annotated section 40-2-104 provides five specific ways by which a prosecution may be commenced, and an affidavit of complaint is not among the listed alternatives.  McCloud, 310 S.W.3d at 860.  An affidavit of complaint is merely "a statement alleging that a person has committed an offense" and is not, standing alone, sufficient to provide formal notice of the offense charged.  Id.  "Because an arrest warrant may or may not issue upon the affidavit of complaint, the 'affidavit of complaint will not necessarily provide a defendant with notice that he is being charged with an offense, and an affidavit of complaint, with nothing more to provide a defendant with notice, is not a charging instrument.'"  Id. (quoting State v. Richard Gastineau, No. W2004-02428-CCA-R3-CD, 2005 WL 3447678, at *3 (Tenn.

---

[3] The General Assembly has codified a form for arrest warrants that includes each of these provisions.  See Tenn. Code Ann. § 40-6-207.

Crim. App. Dec. 14, 2005).  Accordingly, the affidavit of complaint prepared by Trooper Greer on July 3, 2013, did not qualify as a valid arrest warrant and did not commence prosecution in this case.

Alternatively, the State contends that the Defendant's appearance in general sessions court "as early as October 1, 2013," commenced prosecution.  However, no evidence in the record indicates that the Defendant did, in fact, make any court appearance prior to October 23, 2014, when she appeared for a preliminary hearing. While the affidavit of complaint lists an initial court date of October 1, 2013, nothing in the record establishes that the Defendant actually appeared on that date.[4]  Consequently, according to the record, the prosecution did not commence until more than one year after the commission of the offenses.

Finally, the State asserts that the Defendant waived her challenge to the timeliness of the prosecution by failing to raise the issue in the general sessions court.  Our supreme court has previously classified the statute of limitations in Tennessee Code Annotated section 40-2-102 as "waivable, rather than jurisdictional."  State v. Pearson, 858 S.W.2d 879, 887 (Tenn. 1993).  However, the court emphasized that such a "waiver [must] be knowingly and voluntarily entered" and applied "the same standard applied in determining whether there has been an effective waiver as to fundamental rights."  Id. Additionally, the court held that a waiver of the statute of limitations "will not be presumed where there is no evidence in the record to indicate that the defendant was made aware of the issue."  Id.  In this case, the record is silent regarding the statute of limitations until the Defendant filed the motion to dismiss the indictment in criminal court, and there is no proof that the Defendant was made aware of the issue before that time.  Accordingly, we will not presume a knowing and voluntary waiver of the statute of limitations.

Because no document in the record qualifies as a valid arrest warrant and the State failed to establish that the Defendant first appeared in general sessions court within the statute of limitations, the State did not commence its prosecution against the Defendant until after the one-year limitations period had expired.  Accordingly, the trial court properly dismissed the indictment against the Defendant.

---

[4] In the argument section of her brief, the Defendant states that she "did appear in [general] sessions court within the applicable statute of limitations."  However, this court may only consider those facts established by the evidence in the trial court and set forth in the record.  See Tenn. R. App. P. 13(c). Statements of fact set forth in briefs are not evidence, State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988), and this court cannot make findings or draw conclusions from such statements which are not supported by proof in the record,  Alfred E. Grizzell v. State, No. 01-C-019008-CR-00209, 1991 WL 16279, at *1 (Tenn. Crim. App. Feb. 13, 1991).

## Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____

ROBERT L. HOLLOWAY, JR., JUDGE